By the Court.
 

 The error complained of in this court relates to alleged improper argument of counsel for defendant and the refusal of the trial court to give plaintiff’s request in writing with reference thereto. The argument in question is as follows:
 

 “Now, a wise state government relieves certain institutions from the payment of taxes and from payment of certain obligations because they are organizations organized not for profit but because they are charitable institutions. Case is, as the evidence disclosed, a corporation not for profit, exempt from taxation because it is a charitable school, and throughout this City and throughout the State of Ohio and throughout this country, we have similar institutions. Right here at hand we have John Carroll University, Baldwin University, hosts of churches, a host of wonderful hospitals, Jewish, Catholic, Protestant, makes no difference what they are called, they are open to the public and they have been nominated [denominated] charitable institutions and
 
 you ladies and gentlemen in this particular case are trustees of a charitable institution, to wit, Case School, and you should see to it that none of the charitable funds given to Case and accumulated through these years are passed over unfairly, improperly or illegally. * * *
 

 “We believe that Case being a charitable institution, denominated in the law a charitable institution, is not liable regardless of this matter of Case School Athletic Association, regardless of the Western Reserve Ath
 
 *133
 
 letic Association, or any other Athletic Association. * * * and
 
 if you believe from the principles of humanity
 
 and the law that the court will give
 
 you that a charitable institution should not pay a person under these circumstances,
 
 then follow your conscience and
 
 return a verdict for the defendant.
 
 The principle involved in this case, ladies and gentlemen, is larger and greater than this particular litigation. It goes into the ramifications of all of the charities of this city, of this state. They are all the same; they are all on a par, whether they are churches, schools, colleges, hospitals, whether they are Jewish, Catholic, Protestant, anything, they are all the same. If the law says they are charities, that ends it, they are charities.
 
 So the question is, are you, as a part of the board of trustees of Case School, going to allow the trcunsfer of funds from that trust established and donated for the highest and the best purposes to Mrs. Landesman under this set of facts that you have heard from these witnesses during the last few days9”
 
 (Italics ours.)
 

 At the conclusion of the charge plaintiff made the following request in writing: “I say to you that you are not here as trustees of the defendant corporation, as has been suggested in the argument. You are, on the contrary, to decide the issues of this case under the instructions I have given you without any bias or sympathy or prejudice for or against either of the parties.”
 

 The trial court refused to give it in the form requested but gave the following substitute: ‘ ‘ To avoid any misunderstanding, ladies and gentlemen, I will say to you that charitable institutions, public and private, are on the same basis as other corporations and individuals as to liability for negligence to those who are not beneficiaries of the charity, and in this case plaintiff would not be a beneficiary of charity.”
 

 Exceptions to the action of the court were properly
 
 *134
 
 saved, but no objection was made nor exception taken to the argument.
 

 Argument of counsel may be so flagrantly in violation of propriety that it becomes the duty of the trial court to stop it without any objection of counsel.
 
 Hayes
 
 v.
 
 Smith,
 
 62 Ohio St., 161, 56 N. E., 8791
 

 In the instant case the contention of counsel for the appellant is not that the trial court committed error in failing to- stop the argument and cure the error by appropriate instructions at that time, but in refusing after the general charge (in which no mention of the matter was made), to give the requested instruction for the purpose of correcting the assertion of counsel for the defendant that the jury was there “as trustees of the defendant corporation.”
 

 It is contended by appellee that even though the argument was improper the right to have it corrected by instruction of the court was waived because no objection was made or exception taken at the time of argument. This court is not in accord with this contention. In view of the highly prejudicial character of the statement and the peculiar situation presented by the record, the trial court committed prejudicial error in failing to give the written request either in the form in which it was asked (the request having been made after the completion of the charge), or in such form as to fully cover all matter contained therein.
 

 For prejudicial error of the trial court in failing to give plaintiff’s request in words or substance the judgments of the courts below will be reversed and the cause remanded for new trial.
 

 Judgment reversed and cause remanded.
 

 Weygandt, C. J., Stephenson, Williams, Jones, Matthias, Day and Zimmerman, JJ., concur.