Matthias, J.
 

 The principal ground for the reversal of the judgment urged by the appellant is that it was not accorded a fair and impartial trial because of the grossly improper conduct and argument of plaintiff’s counsel wherein he persistently appealed to the sympathies of the jury in a manner, and by the use of language, which aroused passion and prejudice against the appellant.
 

 The record discloses that the plaintiff, at the time of the accident, was 19 years of age and was severely injured in a collision of the motorcycle on which lie was riding with the truck of the appellant; that during the trial he was present in the courtroom, lying on a cot, his body being encased in a plaster cast from the waist down to and including his lower extremities; and that the injuries from which he then suffered had resulted, at least to some extent, from falls which occurred subsequent to the injuries resulting from the collision.
 

 The alleged misconduct of counsel for the plaintiff occurred during the final argument to the jury. The statements which are claimed to be objectionable involve two principal arguments.
 

 First, the plaintiff called attention to an alleged
 
 *394
 
 difference in the financial conditions of the parties, using the following language:
 

 “Mr. Melillo: * * * does he possess the resources and wealth of the defendant?
 

 “Mr. Haynes: I object.
 

 “Court: Objection overruled because counsel in his own statement for the defendant raised the issue as to why Mr. Melillo didn’t buy suitable larger pictures and so on — I am not using his exact words but it is about that; therefore, counsel has a right to answer.
 

 “Mr. Haynes: (To the reporter) Did you take down ‘wealth of the defendant’?
 

 ‘ ‘ Court: That was also invited by the argument of defense counsel. Unfortunately, there was no request made to take down the arguments of the defense counsel.
 

 “Mr. Melillo: (Continuing argument) Now, my friends, this young boy does not possess the wealth that the defendants have at their command; this bo}7 did not have a lawyer within two hours after this accident occurred; this man was unable to properly prepare his case in comparison with the elaborate preparation of the defendants; we had no means of hiring a special investigator with legal experience to go out and investigate this case.”
 

 Objection is made also to language of plaintiff’s counsel in which be suggested that his client was a proper subject for sympathy. The exact statements are as follows:
 

 “You have heard so much about sympathy; you have heard so much about deception; they are trying to say we come here for sympathy and are insinuating that it is preposterous for us to allege. Since when is sympathy in a court of justice preposterous?
 

 “My friends, you search the entire world and you
 
 *395
 
 will find philosophers that have preached sympathy, good will among men; you will find religious leaders that have preached likewise; you will find every creed that preaches sympathy, honesty and justice among men. Sure, that is democracy, and you can’t pass judgment on this case, my friends, by just using your minds; you have got to use your hearts also, your heart and your mind must work in unison because you have before you a boy that has been severely injured, that perhaps for the rest of his life will be a total cripple as testified by Dr. Morrall * * *.
 

 C
 
 Í
 
 # # *
 

 “1 am going to ask you one question: Are you going to decide this case and give these men property rights above human rights?
 

 “Mr. Kosach: We object to that, your Honor.
 

 ‘ ‘ Court: Sustained; you are over the line.
 

 i i
 
 * * #
 

 “Court: The jury will disregard that statement. Proceed.
 

 “Mr. Melillo: My friends, this has been a hard case for me; I haven’t had at my command, as I have stated, the resources to properly present this case. As you will observe, this boy has gone through a lot of suffering * * *.
 

 “Now, my friends, 1 want you to hear in mind that this is the only day that this hoy will be in court in this case, this is the last opportunity that he will have to present his case; whatever you do it is going to be your ball from now on. I have carried it long enough; I have seen this boy in my evenings in this case; I have worried about it; I have lost sleep about it.
 

 “Mr. Kosach: * * * I don’t like to interpose and interfere—
 

 
 *396
 
 "Court: You are just objecting?
 

 "Mr. Kosach: Yes.
 

 "Court: 1 think I will have to overrule you this time because the other arguments are such that he has a right to answer them.
 

 "Mr. Kosach: Exception.
 

 "Mr. Melillo: Remember that this boy deserves all the consideration, your deliberate consideration, because he has been handicapped, he has been in a fog here for over two years, he has been unable to properly discuss his injuries. Remember now one more thing, that if you make a mistake we can’t correct it. You are going to be responsible. There is no question that this boy has been injured; they do not deny that fact, and
 
 if you make a mistake you had better be sure because you will see this picture before you for the rest of your life,
 
 and I say that now, pleading that you cannot overlook the fact that sympathy does not deserve any consideration in this case—
 

 “Mr. Haynes: I object, your Honor.
 

 "Mr. Melillo: —that your heart must work in unison—
 

 "Mr. Haynes: 1 object and ask that a juror be withdrawn and the cause passed for the conduct of counsel in the statements just made.
 

 “Court: Which particular part?
 

 “Mr. Haynes: Having to do with talking with the jury to the effect that it was their responsibility and they would see it for the rest of their days before their eyes if they defeated him.
 

 "Court: The part about because you will think of this ‘for the rest of your life or something is stricken out; the jury will disregard that part. The part about sympathy entering into the case is also stricken out. The court will charge you that sympathy does not enter into the case but I will come to that later on. Motion overruled and exception.
 

 
 *397
 

 ‘ ‘
 
 Mr. Melillo: My friends, let me repeat.
 

 “Court: Yes, straighten out what you want to say.
 

 “Mr. Melillo: My friends, let me repeat, that if you look back in the world you can’t find a philosopher that has not preached good will, honesty and justice and in addition, sympathy.
 

 “Mr. Kosach: Now, your Honor—
 

 “Court: It isn’t over the line yet; just wait until you see what use he is going to make of it.
 

 “Mr. Melillo: There isn’t a religious leader that hasn’t preached likewise, there isn’t a creed that hasn’t stated likewise; you will find that those three subdivisions are a part of human life and that it becomes necessary in determining this case that you must use the mind and the heart and they must both work in unison.
 

 “Mr. Kosach: I object and move that a juror be withdrawn and the cause passed.
 

 “Court: Objection overruled, the argument is not out of bounds.
 

 “Mr. Kosach: Exception.
 

 “Mr. Melillo: My friends, I am going to rest; this lawsuit belongs to you from now on; please don’t make a mistake, that is all I have to say.” (Emphasis supplied. )
 

 It is to be observed that these arguments were persistently made over the recurring and almost constant objection of counsel for the appellant; that the court, in some instances, made observations that plaintiff’s counsel was “over the line” and at other times indicated that the argument was not “over the line yet.” Throughout the argument the court permitted counsel for the plaintiff to go far beyond the propriety of legitimate argument on the issues involved in the case and merely stated that the court would correct any error in the general charge to the jury. When cautions were made by the court, counsel for plaintiff
 
 *398
 
 disregarded them and persistently continued the same improper manner of the presentation of the issues to the jury. It was observed by Shauck, J., in
 
 Cleveland, Painesville & Eastern Rd. Co.
 
 v.
 
 Pritschau,
 
 69 Ohio St., 438, 446, 69 N. E., 663, that “it is due to differences in the character of the misconduct rather than to differences of opinion in reviewing courts that it has, in some cases, been held that the effect of the misconduct may be eliminated by instructions, and in others that it cannot be.”
 

 The only instructions to the jury relative to such matter is the following sentence in the general charge: “Matters such as sympathy or prejudice have no place in your deliberations; yours is a purely intellectual duty to determine the issues in the case under all the evidence in the case and under the law which the court gives you.”
 

 Counsel for the plaintiff has urged that, since the record does not disclose in full the opening argument of the plaintiff and the argument of the appellant, a reviewing court is not justified in reversing the judgment entered on the verdict. For support of that contention counsel relies upon the decision in the case of
 
 Warder, Bushnell & Glessner Co.
 
 v.
 
 Jacobs,
 
 58 Ohio St., 77, 50 N. E., 97, the second paragraph of the syllabus of which is as follows:
 

 “Where a record shows that improper remarks were made in his argument to the jury by the ■ attorney of the prevailing party, but does not show whether the court reproved the attorney or directed the jury to disregard the remarks; nor is the evidence presented to the court for review, in such case, a reviewing court is not warranted in reversing the judgment entered upon the verdict, however improper the remarks may have been. The presumption in such case is, that the court performed its duty and that the evidence sustained the verdict.”
 

 
 *399
 
 However the situation which developed in the trial of this case is quite similar to that which occurred in the case of
 
 Jones
 
 v.
 
 Macedonia-Northfield Banking Co.,
 
 132 Ohio St., 341, 7 N. E. (2d), 544. The following statement in the opinion of Williams, J., is pertinent: “It appears that all of the argument of plaintiff’s counsel is not attached to the bill of exceptions, but after argument had been commenced the stenographer was called in to report what, plaintiff’s counsel said.” The misconduct of counsel in the
 
 Jones case
 
 was deemed such as to require a reversal of the judgment for the plaintiff in that case. Likewise, the record in the instant case is sufficient to present the errors claimed.
 

 The first claimed misconduct related to statements made contrasting the wealth of the parties. A great many cases have contained arguments of counsel contrasting wealth and poverty or strength and weakness of the opposing litigants. Cases are collected in 78 A. L. R., 1452
 
 et seq.;
 
 39 Ohio Jurisprudence, 712, Section 129; and 64 Corpus Juris, 279, Section 297. The following statement in the authority last cited is pertinent: “Statements in argument unsupported by evidence, relating to the poverty of one of the parties or the wealth of the other, are very generally held to be highly improper.” .A great many cases are collected in support of that statement. Possibly circumstances may arise where such comments are warranted by the evidence, particularly where punitive damages are involved, but the record in this case does not disclose any justification for the argument by counsel for the plaintiff that the issue involved was one between human rights and property rights.
 

 In some instances, as hereinbefore indicated, when the court did sustain objection to the remarks of counsel little heed wras accorded the ruling or admoni
 
 *400
 
 tions of the court. On the contrary, counsel for plaintiff persisted in his adopted course calculated to arouse the sympathy of the jury for the injured plaintiff and prejudicial to the appellant. The modern rule pertinent hereto is well stated in 53 American Jurisprudence, 401, Section 496, as follows :
 

 “ While sympathy for suffering and indignation at wrong are worthy sentiments, they are not safe visitors to the courtroom. They may not enter the jury box, nor be heard on the witness stand, nor speak too loudly through the voice of counsel. It is, therefore, improper for counsel to appeal to the sympathy of the jury, either directly or indirectly, as, for example, by asking the jury, in a personal injury action, to put themselves in the plaintiff’s place, if they would go through life in the condition of the injured plaintiff, or would want members of their family to go through life crippled. In a few cases, counsel arguing to juries have attempted to invoke sympathy by speaking, without justification in the evidence, either eulogistically or disparagingly of third persons who may have been casually connected with the case or the parties to the controversy. This conduct is always improper. Likewise, it is generally considered improper for an attorney, in his argument in a personal injury case, to ask the jury what would compensate them for a similar injury. However, comment on the facts of a case is not improper even though the circumstances are such as are calculated to appeal to the sympathy of the jury.”
 

 Appeals of this nature are clearly calculated to direct the jury’s attention to the need of an injured party for compensation rather than the real issues in the case, and tend to incite the rendition of verdicts which are excessive as the result of passion or
 
 *401
 
 prejudice. Arguments of the nature of the one presented in this case have been held, by this court to have resulted in prejudicial error. Attention is directed to the following:
 
 Hayes
 
 v.
 
 Smith,
 
 62 Ohio St., 161, 56 N. E., 879, argument outside the record and charging a suppression of evidence on the part of the defendant;
 
 Landesman
 
 v.
 
 Western Reserve University,
 
 132 Ohio St., 131, 5 N. E. (2d), 322, argument that the jurors should consider themselves as trustees of the defendant, an educational institution, and, therefore, protect the fund of the institution for the benefit of the public; and
 
 Jones
 
 v.
 
 Macedonia-Northfield Banking Co., supra,
 
 where an argument was made that officials of a bank might steal without penalty from the bank but that others are punished for doing the same thing. See, also,
 
 Schwarts, Admx.,
 
 v.
 
 Badila, Jr.,
 
 133 Ohio St., 441, 14 N. E. (2d), 609.
 

 The rule applicable in this case seems to be well stated in 39 Ohio Jurisprudence, 722, Section 136, as follows:
 

 “There are, in fact, numerous cases wherein the misconduct of counsel, while condemned with emphasis and unqualifiedly, has not been considered fatal to the verdict rendered. This may be true even though the trial court neglected its official duty in permitting it if it cannot be said that a different verdict would have resulted had the improper language not been used. If, however, the misconduct is of such a prejudicial character that the prejudice resulting therefrom cannot be eliminated or cured by prompt withdrawal, and admonition and instructions from the court to the jury to disregard it, a new trial should be granted, or the judgment reversed, notwithstanding cautions, admonitions, and instructions by the trial judge.”
 

 In the case of
 
 Cleveland Ry. Co. v. Crooks,
 
 130 Ohio
 
 *402
 
 St., 255, 198 N. E., 867, the record disclosed that the Common Pleas Court found that a verdict was excessive to the extent of practically one-third and the Court of Appeals found it excessive to the extent of practically two-thirds, both courts finding, however, that such excessive damages were not the result of passion and prejudice. This court reversed and remanded the case for a new trial. The
 
 per curiam
 
 opinion, concurred in by all members of the court, is, in part, as follows:
 

 “* * * Upon finding such disparity between the actual damage sustained and the amount of the verdict returned, the court may well have inferred that such excess resulted from the influence of passion or prejudice and for that reason alone remanded for a new trial.
 

 “Whether such enforced remittitur in itself furnishes conclusive proof that the excessive damages were ‘given under the influence of passion or prejudice’ and for that reason alone the case should be remanded for a new trial, or whether, in addition thereto, the record must disclose some specific error committed in the trial calculated to induce such excessive verdict, the members of this court have not heretofore been in full accord.
 

 “However, we need not deal with that question in this case for the reason that the record clearly discloses such improper statements of counsel for the plaintiff, both in his opening and closing argument to the jury, as were well calculated to mislead the jury and induce it to return a verdict so excessive that the Common Pleas Court concluded that only two-thirds of it could find warrant in the evidence adduced and the Court of Appeals found that only one-third of it was warranted by the evidence disclosed in the record. ’ ’
 

 
 *403
 
 The record in the instant case discloses that the collision occurred when the motorcycle, on which the plaintiff was riding as a passenger, struck one or more holes in the highway, causing the motorcycle to shimmy and to be thrown out of control and into the left side of the appellant’s truck. The highway was 24 feet in width, and the center was not marked or in any way indicated. The plaintiff testified that the motorcycle was at all times on the right side of the center of the highway and that the appellant’s truck had encroached 2 or 3 feet on its left of the center of the highway, and the collision occurred there. The driver of appellant’s truck, who was the only other witness who testified relative to the collision, testified that no part of the appellant’s truck was at any time on its left of the center of the highway.
 

 These facts indicate a close question as to whether the alleged negligence of the appellant was a proximate cause of the injuries suffered by the plaintiff, for admittedly the striking of the holes in the highway caused the loss of control of the motorcycle. The jury, by a 10 to 2 vote, found for the plaintiff against the appellant but at the same time returned a verdict in favor of the county commissioners, nine of the members of the jury concurring therein. Hence two of the jurors opposed the rendition of a verdict against appellant and three of the jurors were in favor of a verdict against the county commissioners.
 

 In a case where the factual questions to be determined are so apparently in near equipoise the incidents of a trial which tend to arouse passion or prejudice should bo closely scrutinized.
 

 This case is clearly distinguished from
 
 Golamb
 
 v.
 
 Layton, ante,
 
 305, where it is stated in the third paragraph of the syllabus :
 

 “Although misconduct of counsel in argument to
 
 *404
 
 the jury is ever to be condemned, it does not always constitute grounds for ordering a mistrial or reversing a judgment. If the trial court promptly intervenes by admonition to counsel and appropriate instruction and it appears that a verdict for the party represented by such offending counsel is clearly justified by the evidence, the verdict may be allowed to stand. ’ ’
 

 In the instant case a verdict was returned for the plaintiff in the sum of $30,000, which verdict the trial court found to be excessive but not the result of passion or prejudice, and stated it could be cured by a remittitur of $10,000. Since there was repeated and persistent improper argument to the jury, over the repeated objection of counsel for the appellant, in some instances being with the permission of the court and in others in apparent disregard of the court’s ruling and admonition, during all of which time the plaintiff was lying before the jury in a condition allegedly the result of injuries sustained by him in the collision, such argument certainly tended greatly to prejudice the appellant.
 

 The finding by the trial court that the jury had returned .a verdict excessive to the extent of $10,000 indicated that the improper argument had effected a result prejudicial to the appellant.
 

 It is our conclusion that for the reasons stated the appellant was not accorded a fair and impartial trial. The remittitur could not cure the effect of the improper argument. As was held in the
 
 Jones case,
 
 supra, “when damages awarded are excessive and appear to have been given under the influence of passion or prejudice, the only recourse is the granting of a new trial, since the prejudice resulting cannot be corrected by remittitur.”
 

 It follows that the judgment of the Court of Appeals, affirming the judgment of the Court of Common
 
 *405
 
 Pleas, should be, and is, reversed, and the cause remanded to the Court of Common Pleas for a new trial.
 

 Judgment reversed.
 

 Weygandt, C. J., Zimmerman, Stewart, Taft and Hart, JJ., concur.
 

 Middleton, J., not participating.