## CITY OF SIDNEY, Appellee,

v.

## WALTERS, Appellant.

[Cite as *Sidney v. Walters* (1997), 118 Ohio App.3d 825.] .

Court of Appeals of Ohio,
Third District, Shelby County.

No. 17–96–08.

Decided March 20, 1997.

---

*Tonya Thieman,* City Prosecutor, for appellee.

*W. Lynn Swinger,* for appellant.

---

THOMAS F. BRYANT, Judge.

This appeal is brought by defendant-appellant Dale M. Walters from a judgment of the Sidney Municipal Court.

On January 9, 1996, Walters was stopped after the officer observed him driving erratically. The officer conducted a field test and arrested Walters for driving under the influence of alcohol. Walters refused a chemical test.

On April 30, 1996, this case was heard before a jury. On May 2, 1996, the jury returned a verdict of guilty. Walters filed his notice of appeal on May 30, 1996.

Walters makes the following assignments of error:

"The trial court erred in not taking corrective action when the prosecutor engaged in misconduct in her cross-examination of Walters concerning witnesses not called, including suggestions of what that potential testimony might have been.

"The trial court erred in not taking corrective action when the prosecutor engaged in misconduct by arguing that Walters' failure to call witnesses was because that testimony would have been unfavorable to him without a basis in the

evidence for that argument, in expressing a personal opinion that Walters was guilty, in expressing a personal opinion on the credibility of the witnesses, and in making statements concerning Walters' state of sobriety not based on the evidence."

App. R. 18(C) states:

"If an appellee fails to file his brief within the time provided by this rule, or within the time as extended, he will not be heard at oral argument * * * and in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."

Here, the state has failed to file a brief. We are accepting Walters's statement of facts and issues as correct pursuant to App. R. 18(C). Upon a reading of the brief, Walters's argument reasonably supports a reversal. Therefore, we do not address the individual assignments of error.

The judgment of the Sidney Municipal Court is reversed, and the cause is remanded for further proceedings.

*Judgment reversed*
*and cause remanded.*

SHAW, J., concurs.

HADLEY, J., concurs separately.

HADLEY, Judge, concurring separately.

I concur with the majority opinion for the following reasons.

Appellant Dale M. Walters appeals from his conviction of driving under the influence. After a jury trial, appellant was convicted and sentenced to a term of ninety days' imprisonment, with forty-five days suspended, and assessed a $750 fine plus court costs. Execution of his sentence was stayed pending this appeal.

On January 9, 1996, appellant went to dinner with some friends and drank three beers while there. After dinner, appellant left for work a few hours later and stopped at a house to see if an employee scheduled to work the second shift was there.[1] No one answered the door and appellant was asked to leave by a police officer who appeared shortly after appellant's arrival at the house. Appellant left the neighborhood and began traveling to his job. En route to his job, appellant was stopped for erratic driving in the parking lot of his job site.

---

1. The house belonged to that employee's girlfriend, Sara Martin.

Pursuant to his stop, appellant performed a field test and was subsequently arrested for driving under the influence of alcohol. Appellant was then taken to a police station, where he refused a chemical test.

On April 30 and May 2, 1996, appellant was tried before a jury, and a guilty verdict was returned. At his trial, the prosecutor questioned appellant about possible witnesses not called by either party during her cross-examination.[2] The prosecutor repeatedly asked appellant why certain people were not called to testify on his behalf[3] and implied in her questions that he did not call them to testify because they knew that he was drunk that night. Appellant's counsel made numerous objections to this line of questioning and was overruled repeatedly by the trial court. A motion to strike all of the questions and answers was again made prior to closing argument, as well as a motion to admonish the jury. Again, the trial court overruled the objection and denied the motions.

Additionally, appellant's attorney moved that the prosecution not be allowed to argue the failure of appellant to call witnesses or speculate as to what their potential testimony would be. That motion was also overruled. The trial court further rejected jury instructions concerning the failure to call witnesses.

During closing argument, the prosecutor argued that the defense did not call these witnesses because they knew he was drunk.[4] Moreover, she expressed her opinion as to appellant's physical state on the night he was arrested.[5] Again, appellant's counsel repeatedly objected during the prosecutor's closing arguments to no avail.

At the conclusion of the court's instructions to the jury, all defense motions were renewed and subsequently overruled in their entirety by the trial judge. After deliberations, the jury found appellant guilty of driving under the influence, a violation of R.C. 4511.191.

Appellant claims that his right to a fair trial was prejudiced by the prosecutor committing misconduct coupled with the failure of the court to take remedial

2. Both parties were required to disclose witnesses fourteen days before trial pursuant to an order by the trial court.

3. Among those potential witnesses appellant was questioned about were the people he had had dinner with earlier that evening, potential employees who may have observed appellant's arrest, and a girlfriend of one of appellant's employees whom appellant had visited earlier that evening.

4. Specifically the prosecutor stated: "Everybody he saw that night knew he was drunk and that's why they're not here today."

5. Specifically, the prosecutor stated during her rebuttal argument, "I venture to guess that he was drunk."

action.[6]  Specifically, appellant asserts the following two assignments of error:

### Assignment of Error No. 1

"The prosecutor engaged in prosecutorial misconduct in her cross-examination of the defendant with respect to witnesses not called, including suggestions of what said witnesses *may* testify to if called, and the lower court erred in not sustaining objections and taking other appropriate corrective action with respect to said misconduct and in refusing to instruct the jury to disregard said improper questions and suggestions." (Emphasis *sic*.)

### Assignment of Error No. 2

"The prosecutor engaged in prosecutorial misconduct in arguing that the failure of defendant to call witnesses was because such witnesses would be unfavorable to him and in speculating what the testimony of the uncalled witnesses would have been if they had been called and in making improper and unfounded comments about defendant's state of sobriety not based on the evidence and in expressing her opinion that the defendant was guilty and in expressing her personal belief as to the credibility of witnesses, and the lower court erred in not sustaining objections and taking other appropriate corrective action with respect to said misconduct and in refusing to instruct the jury to disregard said improper argument."

Because both of these assignments of error are so closely related, they are addressed simultaneously.

The Supreme Court of Ohio stated the standard of review relative to prosecutorial misconduct in *State v. Maurer* (1984), 15 Ohio St.3d 239, 266, 15 OBR 379, 402, 473 N.E.2d 768, 792–793:

"Ohio courts have suggested that the effect of counsel's misconduct 'must be considered in the light of the whole case.' See, *e.g., Mikula v. Balogh* (1965), 9 Ohio App.2d 250, 258 [38 O.O.2d 311, 315, 224 N.E.2d 148, 155].  And where misconduct of counsel ' * * * is of such a prejudicial character that the prejudice resulting therefrom cannot be eliminated or cured by prompt withdrawal, and admonition and instructions from the court of the jury to disregard it, a new trial should be granted, or the judgment reversed, notwithstanding cautions, admonition, and instructions by the trial judge.' *Book v. Erskine & Sons, Inc.* (1951), 154 Ohio St. 391, 401 [43 O.O. 334, 338–339, 96 N.E.2d 289, 294]."

Moreover, absent an abuse of discretion, an appellate court will not reverse a trial court's determination of whether a prosecutor has gone beyond the bounds permitted. *Pang v. Minch* (1990), 53 Ohio St.3d 186, 194, 559 N.E.2d 1313, 1321.

---

6.  No brief was filed by the prosecution in this case.

Appellant initially contends that the prosecutor erred in questioning him about potential witnesses that were not called and further implying that had they been called, they would have testified that appellant was drunk that night. Specifically, appellant cites the following line of questioning as being prejudicial to him:

"Q. Okay. And didn't she call and complain about you because you were drunk?

"A. I don't know the extent of her conversation." [7]

During a trial, an attorney may not present information that is not in evidence to a jury under the pretext of asking questions. See *State v. Hunt* (1994), 97 Ohio App.3d 372, 375–376, 646 N.E.2d 889, 890–892; 1 ABA Standards for Criminal Justice (2 Ed.1980 and 1986 Supp.) 3.91, Standard 3–5.9. Further:

"It is indisputable that at the trial level it is highly improper for a lawyer to refer in colloquy, argument, or other context to factual matter beyond the scope of the evidence or the range of judicial notice. This is true whether the case is being tried to a court or a jury * * *." *State v. Daugherty* (1987), 41 Ohio App.3d 91, 92–93, 534 N.E.2d 888, 890.

By referring to the alleged belief of a person who had not been called to testify, the prosecutor in this case was attempting to introduce testimony that was not supported by admissible evidence. While an attorney's lack of familiarity with the Rules of Evidence may affect the question of whether misconduct was intentional or inadvertent, ignorance of the Rules of Evidence does not render questioning allowable where it would be otherwise improper. *State v. Smidi* (1993), 88 Ohio App.3d 177, 183, 623 N.E.2d 655, 658–659. Therefore, the trial court erred in overruling appellant's objections to questions that were asked of appellant that were not supported by evidence.

Appellant further maintains that the prosecutor again committed misconduct during her closing argument. The standard for prosecutorial misconduct in closing arguments was set out in *State v. Braxton* (1995), 102 Ohio App.3d 28, 41, 656 N.E.2d 970, 978–979:

"The test regarding prosecutorial misconduct in closing arguments is whether the remarks were improper and, if so, whether they prejudicially affected substantial rights of the defendant. * * * In making this determination, an appellate court should consider several factors: (1) the nature of the remarks, (2) whether an objection was made by counsel, (3) whether corrective instructions were given by the court, and (4) the strength of the evidence against the defendant."

---

7. "She" refers to Sara Martin, at whose house appellant had stopped at prior to being stopped for driving under the influence.

Furthermore, the closing argument is considered in its entirety to determine whether it was prejudicial. *State v. Moritz* (1980), 63 Ohio St.2d 150, 157, 17 O.O.3d 92, 96–97, 407 N.E.2d 1268, 1273.

Specifically focusing on the prosecutor's rebuttal argument, it is noted that the following remarks were made:

"He calls her from the car phone and he still, she still wasn't answering the door. Why? Because something was going on with this man. He wasn't acting right. I venture to guess that he was drunk. If he wasn't, why wouldn't he call her as a witness? * * * Sara Martin could have testified to that or does he put anyone else to generate [*sic* ] supposedly that night.

"Where were they to testify? I venture to guess that his other friends, when he stopped snowblowing there at DAP, they saw him. They could have testified. They were supposed to be his friends and they weren't. He didn't call them to testify. Where's all the people at C & C that saw him out there? * * * Where are they? Why didn't he put them on? * * * They're not here. * * * He knows he's drunk. Everybody he saw that night knew he was drunk and that's why they're not here today. * * * Why aren't they in here? We found out about it on direct examinations. Ask the defendant."

Throughout this argument, appellant's attorney made repeated objections which were, in turn, overruled by the trial court.

Generally, sustaining or overruling objections during closing argument is within the sound discretion of the trial court. *State v. Montes* (1993), 92 Ohio App.3d 539, 551, 636 N.E.2d 378, 385–386. Rulings on such objections, therefore, will be reversed only upon a clear showing that the trial court abused that discretion. *Id.*

Although prosecutors have wide latitude to comment in closing argument, they cannot intentionally mislead the jury by means of improper remarks or insinuations. Specifically, the prosecutor must avoid expressing personal beliefs or opinions as to a defendant's guilt and should refrain from commenting upon matters that are not in evidence or drawing inferences that are not supported by the evidence. *State v. Lott* (1990), 51 Ohio St.3d 160, 555 N.E.2d 293; *State v. Smith* (1984), 14 Ohio St.3d 13, 14, 14 OBR 317, 318–319, 470 N.E.2d 883, 885. Moreover, during closing arguments, "it is improper for counsel to * * * make statements which are intended to get evidence before the jury which counsel was not entitled to have the jury consider." *Drake v. Caterpillar Tractor Co.* (1984), 15 Ohio St.3d 346, 347, 15 OBR 468, 470, 474 N.E.2d 291, 293.

In reviewing the prosecutor's closing rebuttal argument in appellant's case, I find that the prosecutor not only expressed her opinion as to appellant's guilt,[8]

---

8. This is evidenced by the prosecutor's statement "I venture to guess that he was drunk."

she also made several statements that were not supported by the evidence concerning why appellant did not call certain witnesses to testify on his behalf. Therefore, the trial court abused its discretion in overruling appellant's objections during closing arguments.

However, misconduct of a prosecutor at trial will not be considered the sole grounds for reversal unless that conduct deprives the defendant of a fair trial. *State v. Maurer* (1984), 15 Ohio St.3d 239, 15 OBR 379, 473 N.E.2d 768. In making that determination, an appellate court must look at the evidence notwithstanding the improper conduct in deciding whether the error is harmless or not. See *State v. Byrd* (1987), 32 Ohio St.3d 79, 512 N.E.2d 611.

A finding of harmless error requires a reviewing court to conclude that the jury would have found the defendant guilty beyond a reasonable doubt absent the prosecutor's comments. *State v. Smith,* 14 Ohio St.3d at 15, 14 OBR at 319, 470 N.E.2d at 885. In the present case, the trial court never admonished the prosecutor nor gave any instructions to the jury to disregard any potential prejudice that might have arisen as a result of the prosecutor's actions during the trial. Therefore, I cannot find beyond a reasonable doubt that a jury would have found defendant guilty had there been no misconduct on the part of the prosecution.

For the foregoing reasons, I conclude that the appellant's two assignments of error are well taken. In accordance with this opinion, I concur that appellant's conviction should be overturned and the cause remanded for a new trial.