OPINION
Defendant-Appellant, Larry Lichtensteiger ("Lichtensteiger"), appeals a judgment of conviction and sentence entered by the Van Wert Municipal Court finding him guilty of operating a motor vehicle with a proscribed concentration of alcohol in his blood pursuant to R.C. 4511.19(A)(3). Because the State failed to file a brief, we elect to review the case pursuant to App.R. 18(C). Finding that the facts and arguments presented in Lichtensteiger's brief reasonably support a reversal, we reverse the judgment of the trial court and remand with instructions to dismiss all charges.
Facts and procedural history relevant to issues raised on appeal are as follows. On February 9, 1997, Lichtensteiger was charged with one count of operating a motor vehicle with a proscribed blood alcohol concentration in violation of R.C. 4511.19(A)(3). The case proceeded to a jury trial on March 30, 2001. That same day, the jury returned a verdict of guilt. On April 3, 2001, the trial court sentenced Lichtensteiger to sixty days in jail, fifty days of which were suspended, suspended his license for eight months, placed him on probation for one year, and fined him five hundred dollars. Lichtensteiger subsequently appealed without response from the State.[1]
Upon review of the record, we found that a March 30, 2001 judgment entry, purporting to be solely a judgment of conviction, was not file-stamped and did not bear any other evidence of having been filed with the clerk for journalization. Moreover, the trial court's April 3, 2001 sentencing entry, while signed by the judge and properly journalized, failed to set forth the defendant's plea, the verdict, or findings of the fact-finder, referencing only Lichtensteiger's sentence. Because the record did not contain a file-stamped judgment of conviction of proper form as mandated by Crim.R. 32(C), we dismissed the appeal for lack of a final appealable order.[2] Upon remand, the trial court entered judgment and the instant appeal followed.
For his appeal, Lichtensteiger presents the following four assignments of error for our consideration:
 First Assignment of Error: "The trial court erred in denying Defendant's motion to suppress on the ground that the officer lacked probable cause to stop, detain or arrest Defendant."
 Second Assignment of Error: "The verdict of the jury was not supported by sufficient evidence."
 Third Assignment of Error: "The jury's verdict was against the manifest weight of the evidence."
 Fourth Assignment of Error: "The trial court erred when it denied Defendant's motion for a mistrial."
App.R. 18(C) states: "If an appellee fails to file his brief within the time provided by this rule, or within the time as extended, he will not be heard at oral argument * * * and in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."
The State has again failed to submit a brief. Accordingly, we elect to accept Lichtensteiger's statement of facts and issues as correct pursuant to App.R. 18(C). Having reviewed his brief, we find that Lichtensteiger's facts and arguments reasonably support a reversal. Therefore, we do not address the individual assignments of error.[3]
Accordingly, the judgment of the Van Wert Municipal Court is reversed, and the cause is remanded to the trial court with instructions to dismiss all charges against this appellant.
Judgment reversed and cause remanded.
SHAW, P.J., and HADLEY, J., concur.
[1] State v. Lichtensteiger (Dec. 4, 2001), Van Wert App. No. 15-01-07.
[2] Id.
[3] City of Sidney v. Walters (1997), 118 Ohio App.3d 825, 826,694 N.E.2d 132; State v. Gross (Sept. 27, 1993,), Logan App. No. 8-93-9.