The STATE of Ohio, Appellee,

v.

HUMBARGER, Appellant.

[Cite as *State v. Humbarger*, 149 Ohio App.3d 30, 2002-Ohio-4160.]

Court of Appeals of Ohio,
Third District, Van Wert County.

No. 15–01–18.

Decided Aug. 15, 2002.

George Crummey, City Law Director, for appellee.

Richard W. Miller III, for appellant.

HADLEY, Judge.

{¶ 1}  The defendant-appellant, Dana Humbarger, appeals his conviction by the Van Wert County Court of Common Pleas, finding him guilty of domestic violence in violation of R.C. 2919.25, a misdemeanor in the first degree.  Based on the following, we hereby reverse the judgment of the trial court.

{¶ 2}  The relevant facts and procedural history are as follows.  At the time that the incident giving rise to the appellant's conviction occurred, he was staying at the residence of the victim, Deborah J. Hines, on a temporary basis, for three days.  At some point during the visit, the appellant apparently assaulted Hines during a dispute about a vehicle.  Over a two-day period, the victim claimed that the appellant beat her and essentially held her hostage.  The incident culminated

in a trip to the Tom Ahl car dealership, where Hines alerted one of the business's employees to her predicament, and the employee contacted authorities.

{¶ 3} The appellant was charged with one count of domestic violence, to which he pleaded not guilty. After a trial to the court, the appellant was convicted on the sole count and sentenced to serve 180 days in jail, 150 of which were suspended. He was also required to pay the victim $100 restitution. He now brings this timely appeal, asserting two assignments of error for our review. Assignment of Error No. I

{¶ 4} "Appellant was denied effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution" Assignment of Error No. II

{¶ 5} "The trial court erred by not dismissing, sua sponte, the domestic violence charge against appellant on the basis that the victim was not a 'family or household member.'"

{¶ 6} We note at the outset that the state has failed to submit a brief. Therefore, we may elect to accept the appellant's statement of facts and issues as correct pursuant to App.R. 18(C). Upon reading his brief, we find that the appellant's facts and arguments reasonably support a reversal. Therefore, we are not required to address the individual assignments of error.[1]

{¶ 7} We find, however, that this case also warrants reversal on the merits. The statute under which the appellant was convicted, R.C. 2919.25(A), states: "No person shall knowingly cause or attempt to cause physical harm to a family or household member." In section (E)(1), the statute defines "[f]amily or household member" as:

{¶ 8} "(a) Any of the following who is residing or has resided with the offender:

{¶ 9} "(i) A spouse, a person living as a spouse, or a former spouse of the offender[.]"

{¶ 10} The statute defines "person living as a spouse" as "a person who is living or has lived with the offender in a common[-]law marital relationship, who otherwise is cohabitating with the offender, or who otherwise has cohabitated with the offender within five years prior to the date of the alleged commission of the act in question."[2] The Supreme Court of Ohio has construed "cohabitation," as used in R.C. 2919.25(E)(2), to include as its essential elements "(1) sharing of

---

1. *Sidney v. Walters* (1997), 118 Ohio App.3d 825, 826, 694 N.E.2d 132; *State v. Gross* (Sept. 27, 1993), Logan App. No. 8–93–9, 1993 WL 403576.

2. R.C. 2919.25(E)(2).

familial or financial responsibilities and (2) consortium."[3]  Continuing, the court stated that "[p]ossible factors establishing shared familial or financial responsibilities might include provisions for shelter, food, clothing, utilities, and/or commingled assets.  Factors that might establish consortium include mutual respect, fidelity, affection, society, cooperation, solace, comfort, aid of each other, friendship, and conjugal relations.  These factors are unique to each case and how much weight, if any, to give to each of these factors must be decided on a case-by-case basis by the trier of fact."[4]

{¶ 11}  No evidence was presented in this case to suggest the presence of either of these two essential elements between the parties.  Moreover, a review of lower court decisions interpreting "cohabitation" reveals no authority deeming a three-day visit between a victim and a defendant as cohabitation.

{¶ 12}  Crim.R. 29 requires a trial court to enter a judgment of acquittal on an offense charged in a complaint, either upon motion of the defendant or upon its own motion, when at the close of evidence for either side the evidence is insufficient to sustain a conviction for such offense.  In the case sub judice, the evidence presented by the state was insufficient to establish a violation of R.C. 2919.25.  Accordingly, the trial court should have entered a Crim.R. 29 judgment of acquittal upon its own motion at the close of the state's case in chief.

{¶ 13}  The appellant's second assignment of error is well taken and is hereby granted.  Because we find this assignment of error to be dispositive of his appeal, we decline to address the appellant's first assignment of error.

{¶ 14}  Having found error prejudicial to the appellant herein in the particulars assigned and argued, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.

Judgment reversed.

SHAW, P.J., and WALTERS, J., concur.

---

3. *State v. Williams* (1997), 79 Ohio St.3d 459, 683 N.E.2d 1126, paragraph two of the syllabus.

4. Id. at 465, 683 N.E.2d 1126.