[Cite as *State v. Razey*, 2023-Ohio-4190.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 23CAC030021 |
| JEFFREY RAZEY | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal Appeal from the Municipal Court, Case No.  22CRB01081

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      November 21, 2023

APPEARANCES:

For Plaintiff-Appellee

ALICIA HARRIS
ASSISTANT PROSECUTOR
CITY OF DELAWARE
70 North Union Street
Delaware, Ohio  43015

For Defendant-Appellant

WILLIAM CRAMER
470 Olde Worthington Road
Suite 200
Westerville, Ohio  43082

*Wise, J.*

**{¶1}**  Appellant Jeffrey Razey appeals his conviction on one count of theft, entered in the Delaware Municipal Court, following a jury trial.

**{¶2}**  Appellee is the state of Ohio.

### STATEMENT OF THE FACTS AND CASE

**{¶3}**  The relevant facts and procedural history are as follows:

**{¶4}**  By Complaint filed September 14, 2022, Appellant Jeffrey Razey was charged with theft, in violation of R.C. §2913.02(A)(1), a first-degree misdemeanor.

**{¶5}**  On March 7, 2023, the matter proceeded to a jury trial.

**{¶6}**  At trial, Meijer loss prevention employee Amy Macklin testified that she was contacted about a theft at a store in Delaware County and pulled surveillance video. Macklin saw Appellant in the footage. (T. at 111-113). Macklin testified that the video starts at around 9:30 p.m. on the general merchandise side of the store. At that time of night, the general merchandise side of the store usually does not have any open registers and no greeters. (T. at 115-116).

**{¶7}**  A video shows Appellant exiting a white minivan in the parking lot and then walking in to the store. As Appellant enters the store through a door on the general merchandise side, another individual named Shawn Packer exited the minivan and also started walking toward the store. (T. at 123-124).

**{¶8}**  Another video shows Appellant enter the store, get a shopping cart, and proceed to the baby department. Appellant selects some items, which appear to be baby gates, and places them in the cart. Appellant then moved the cart to the women's department and left it between two racks of clothing. (T. at 116-118).

**{¶9}** Appellant then exited the store and walked to the white minivan, while Packer exited the minivan and walked past Appellant and into the store. Packer went to the cart and pushed it to the exit without paying. Appellant drove the minivan to the general merchandise exit just as Packer exited the store with the cart. Packer loaded the merchandise into the minivan and got into the passenger side, and Appellant drove away. Two store employees saw Packer and followed him outside to the minivan. (T. at 119-124).

**{¶10}** Ms. Macklin confirmed that the merchandise was not paid for, and that the value of the merchandise was $219.97. (T. at 126-127).

**{¶11}** Officer Curtis Myers of the Westerville Division of Police testified that he was called in to investigate the theft offense. Officer Myers stated that he reviewed the video footage and compared it to a BMV photo to confirm that it was Appellant Razey in the video. Based on what he saw in the video, Officer Myers issued a criminal Complaint and Summons for Appellant. (T. at 134-135).

**{¶12}** The videos were played for the jury and admitted as exhibits. (T. at 140).

**{¶13}** The jury was instructed on complicity over the objection of the defense. (T. at 145- 146, 161).

**{¶14}** Following deliberations, the jury found Appellant guilty as charged. (T. at 169).

**{¶15}** The trial court sentenced Appellant to fifteen (15) days in jail, one year of community control, a fine of $500, and restitution of $219.97 to Meijer. (T. at 175). (See 3/7/23 Final Judgment Entry).

**{¶16}** Appellant now appeals, raising the following errors for review:

**ASSIGNMENT OF ERROR**

{¶17} "I. APPELLANT'S RIGHTS TO DUE PROCESS UNDER THE STATE AND FEDERAL CONSTITUTIONS WERE INFRINGED BY PROSECUTORIAL MISCONDUCT.

{¶18} "II. THE CONVICTION FOR THEFT WAS NOT SUPPORTED BY THE WEIGHT OF THE EVIDENCE."

**I.**

{¶19} In his first assignment of error, Appellant argues that he was denied due process by prosecutorial misconduct at trial. We disagree.

{¶20} Specifically, Appellant argues that prosecutorial misconduct occurred when the prosecutor asked the Meijer loss prevention employee the following question:

Q: Prior to this case, did you know Mr. Razey by name?

A: I did.

{¶21} (T. at 125).

{¶22} Appellant argues that this question amounted to misconduct because prior to the commencement of trial, the trial court granted a motion *in limine* to exclude evidence regarding prior incidents of theft from Meijer involving Appellant and Packer which the State had intended to use to prove identity and absence of mistake pursuant to Crim.R. 404(B).

{¶23} Counsel for Appellant immediately objected, and the trial court sustained the objection. During jury instructions, the trial court provided a standard instruction that the jury must not speculate as to why the court sustained objections, what the answers to those questions would have been, or on the truth of any suggestions included in a

question that was not answered, and the jury must disregard any statements or answers that were stricken by the court. (T. at 156).

**{¶24}** The test for prosecutorial misconduct is whether the prosecutor's comments and remarks were improper and if so, whether those comments and remarks prejudicially affected the substantial rights of the accused. *Sunbury v. Sullivan*, 5th Dist. Delaware No. 11CAC030025, 2012-Ohio-3699, 2012 WL 3525617, ¶ 30 citing *State v. Lott*, 51 Ohio St.3d 160, 555 N.E.2d 293 (1990).

**{¶25}** In reviewing allegations of prosecutorial misconduct, it is our duty to consider the complained of conduct in the context of the entire trial. *Darden v. Wainwright*, 477 U.S. 168, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986). A trial is not unfair, if, in the context of the entire trial, it appears clear beyond a reasonable doubt the jury would have found the defendant guilty even without the improper comments. *State v. Treesh*, 90 Ohio St.3d 460, 464, 2001-Ohio-4, 739 N.E.2d 749.

**{¶26}** Allegations of prosecutorial misconduct implicate due process concerns, and the touchstone of the analysis is the " 'fairness of the trial, not the culpability of the prosecutor.' " *State v. Newton*, 108 Ohio St.3d 13, 2006-Ohio-81, 840 N.E.2d 593, ¶ 92, *quoting Smith v. Phillips*, 455 U.S. 209, 219, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982).

If any misconduct occurred, the court must consider the effect it had on the jury "in the context of the entire trial." *State v. Keenan*, 66 Ohio St.3d 402, 410, 613 N.E.2d 203 (1993). With regard to each allegation of misconduct, we must determine whether the conduct was "improper, and, if so, whether [it] prejudicially affected substantial rights of the defendant." *State v. Smith*, 14 Ohio St.3d 13, 14, 470 N.E.2d 883 (1984). "[A]

defendant's substantial rights cannot be prejudiced when the remaining evidence, standing alone, is so overwhelming that it constitutes defendant's guilt, and the outcome of the case would have been the same regardless of evidence admitted erroneously." *State v. Hicks*, 194 Ohio App.3d 743, 2011-Ohio-3578, 957 N.E.2d 866, ¶30 (8th Dist. 2011), *citing State v. Williams*, 38 Ohio St.3d 346, 349–350, 528 N.E.2d 910 (1988).

**{¶27}** *State v. Mammone*, 139 Ohio St.3d 467, 2014-Ohio-1942, 13 N.E.3d 1051, ¶ 109.

**{¶28}** Whether statements made by a prosecutor amount to misconduct and whether such statements render a trial fundamentally unfair are mixed questions of law and fact, which we review *de novo. United States v. Carson*, 560 F.3d 566, 574 (6th Cir. 2009) *citing United States v. Francis*, 170 F.3d 546, 549 (6th Cir. 1999) *citing United States v. Clark*, 982 F.2d 965, 968 (6th Cir. 1993).

**{¶29}** Our inquiry is guided by four factors: (1) the nature of the remarks; (2) whether an objection was made by counsel; (3) whether corrective instructions were given by the court; and (4) the strength of the evidence against the defendant. *Sidney v. Walters,* 118 Ohio App.3d 825, 829, 694 N.E.2d 132 (3d Dist.1997)

**{¶30}** Upon review, we find that alleged misconduct was just a single question to which Appellant's counsel objected and the trial court sustained the objection. The trial court instructed the jury not to speculate as to why it sustained any objections. A presumption always exists that the jury followed the trial court's instructions. *State v. Loza* (1994), 71 Ohio St.3d 61, 79, 641 N.E.2d 1082; *Pang v. Minch*, 53 Ohio St.3d 186, 187, 559 N.E.2d 1313 (1990), at paragraph four of the syllabus, *rehearing denied*, 54

Ohio St.3d 716, 562 N.E.2d 163. Further, based on our review of the entire case, we do not find that the contested question was outcome determinative or denied Appellant a fair trial. We cannot conclude, based on all of the evidence produced at trial, that there was a reasonable probability that, but for the prosecutor's question, the result of the trial would have been different.

**{¶31}** Appellant's first assignment of error is overruled.

**II.**

**{¶32}** In his second assignment of error, Appellant argues that his conviction is not supported by the weight of the evidence. We disagree.

*Standard of Review*

**{¶33}** In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as the "thirteenth juror," and after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered." *State v. Thompkins,* 78 Ohio St.3d 380, 387, 678 N.E.2d 541, 547 (1997) quoting *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 219, 485 N.E.2d 717, 720–721. Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial should be reserved for only the "exceptional case in which the evidence weighs heavily against the conviction." *Id. See State v. Acker*, 5th Dist. Holmes No. 22CA008, 2023-Ohio-2085, ¶ 36.

**{¶34}** The trial court's decision should not be disturbed as against the manifest weight of the evidence if the decision is supported by some competent and credible evidence. *C.E. Morris Co. v. Foley Constr. Co.,* 54 Ohio St.2d 279, 376 N.E.2d 578 (1978). A reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court. *Geary v. Geary*, 5th Dist. Delaware, 2015-Ohio-259, 27 N.E.3d 877.

**{¶35}** Appellant herein was convicted of Theft, in violation of R.C. §2913.02, which provides:

(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:

(1) Without the consent of the owner or person authorized to give consent;

**{¶36}** At trial, the state presented testimony and evidence from which the jury could have found all the essential elements of theft, proven beyond a reasonable doubt. The jury heard the witnesses, watched the video surveillance tapes, evaluated the evidence, and was convinced of Appellant's guilt.

**{¶37}** Upon review of the entire record, weighing the evidence and all reasonable inferences as a thirteenth juror, including considering the credibility of witnesses, we cannot reach the conclusion that the jury, as the trier of fact, lost its way and created a manifest miscarriage of justice. Taken as a whole, the testimony and record contains ample evidence of Appellant's involvement in the alleged crime.

{¶38} The record is devoid of any evidence the jury lost its way in resolving conflicts in the evidence, and Appellee's evidence supports the guilty verdict of the jury.

{¶39} Appellant's second assignment of error is overruled.

{¶40} For the forgoing reasons, the judgment of the Municipal Court of Delaware County, Ohio, is affirmed.

By: Wise, J.

Hoffman, P. J., and

Delaney, J., concur.

JWW/kw 1117