OPINION
Appellant Denise Jacobs appeals the decision of the Court of Common Pleas, Stark County, Ohio, finding in favor of Appellee Thomas Hall following a jury trial on her action for personal injury. On December 8, 1995, appellant was operating a 1988 Chevrolet S-10 Pickup, owned by her employer, when she was involved in a collision on Route 62 in Canton with a vehicle driven by appellee. Appellant filed suit against appellee on November 21, 1997, attaching therewith a jury demand. On January 30, 1998, the trial court referred the case to mediation. On June 11, 1998, appellant filed a notice of the pending action to the Ohio Bureau of Workers' Compensation, pursuant to R.C. 4123.931, to which the Ohio Attorney General responded via an answer filed July 21, 1998. The case proceeded to trial on August 13 and 14, 1998, on the issues of proximate causation and damages. The jury returned a verdict in favor of appellee. Appellant timely appealed and herein raises the following fourteen assignments of error:
 I DEFENSE LAWYER ARGUED FRACTURED VERTABRA (SIC) AND A FRACTURE OF A BONE IN HER BACK WHEN THERE DOES NOT APPEAR TO BE ANY SUCH EVIDENCE OF SAME, ALTHOUGH THERE IS EVIDENCE OF A PRIOR ACCIDENT INVOLVING THE COCCYX, WHICH IS A SMALL BONE AT THE BASE OF THE SPINAL COLUMN; BUT, THERE IS NO EXPERT INFORMATION OR DOCUMENTATION.
 II THERE ARE NO JURY INSTRUCTIONS PERTAINING TO EXACERBATION OF PREVIOUS INJURIES THAT WOULD INDICATE SAME WOULD BE COMPENSABLE SO THE JURY WAS NOT AWARE THAT COMPENSATION COULD BE GIVEN FOR SUCH.
 III DEFENDANT APPELLEE'S ATTORNEY MADE ONLY PART OF A RECORDS DEPOSITION AVAILABLE TO THE COURT, THE PLAINTIFF-APPELLANT, AND THE JURY. WOULD THIS BE ERROR OR MISCONDUCT?
 IV DEFENDANT-APPELLEE'S ATTORNEY DID INSTRUCT CONCERNING THE LAW AND ARGUED TO THE JURY DURING VOIR DIRE, WHICH THE COURT ALLOWED DESPITE THE OBJECTION OF PLAINTIFF-APPELLANT'S ATTORNEY. ONE SUCH HAD TO DO REGARDING "SYMPATHY", WHICH ADVERSE COUNSELOR KEPT REPEATING ABOUT WHICH IS AN HYPNOTIC PROCESS, I.E., CONSTANT, AND CONTINUOUS REPETITION, WAS NOT REVERSE PSYCHOLOGY THUS EMPLOYED. COURT WAS ASKED TO DEFINE "SYMPATHY" BY PLAINTIFF-APPELLANT'S COUNSELOR, BY JUROR 180 AND BY DEFENSE COUNSELOR AND COURT PROMISED TO INSTRUCT THE JURY AT THE APPROPRIATE TIME BUT GAVE NO DEFINITION OR EXPLANATION OF HOW "SYMPATHY" WAS TO BE USED AND LEFT IT WITH A DEFINITION PROVIDED BY JUROR NO. 180 WHO SUBSEQUENTLY WAS CHALLENGED, AND DISMISSED BY ATTORNEY FOR DEFENDANT, HALL.
 V IN JURY INSTRUCTIONS, THE COURT GAVE INADEQUATE INSTRUCTION CONCERNING THE "SYMPATHY" THEME CONTINUING WHAT WAS STARTED BY THE DEFENDANT'S ATTORNEY, DURING VOIR DIRE, THEREBY RESONATING A PREJUDICIAL VIEW TO THE JURY CONCURRENTLY BY NOT DEFINING "SYMPATHY" AS IMPLIED BY STATEMENT BY THE COURT DURING VOIR DIRE THAT COURT COULD PROVIDE APPROPRIATE INSTRUCTION AT THE PROPER TIME, ON THAT SUBJECT BECAUSE FAILING TO ANSWER IS INDICATIVE OF A NEGATIVE ANSWER.
 VI THE OLD TABOO, RESPECTING NOT ALLOWING THE JURY TO KNOW THAT AN INSURANCE COMPANY IS INVOLVED WITH SUBROGATABLE INTERESTS AND IS PAYING FOR THE DEFENSE, IS CHALLENGED HERE AS BEING OUTDATED, AND UNJUST, WHEN THE OHIO BUREAU OF WORKERS COMPENSATION IS BY OHIO STATUTE BEING BROUGHT IN AS A PARTY MAKING A CLAIM PRIMARILY TO REIMBURSE THE OHIO BUREAU OF WORKERS COMPENSATION NOT ONLY FOR EXPENDITURES MADE BUT FOR THOSE CONTEMPLATABLE. SHOULD IT NOT BE DECLARED TO BE AGAINST PUBLIC POLICY AS TO PREVENT AN INSURANCE COMPANY FROM HAVING AN ADVANTAGE OVER THE OHIO BUREAU OF WORKERS COMPENSATION WHICH IS ANOTHER INSURANCE PROVIDER FUNDED BY PUBLIC FUNDS AND EMPLOYERS' PREMIUM PAYMENTS? THE ERROR THEREFORE ALLEGED IS THAT THE COURT PREVENTED THE JURY FROM KNOWING THERE WAS AN INSURANCE COMPANY HERE PAYING FOR THE DEFENSE OF MR. HALL AND WOULD HAVE BEEN LIABLE FOR HIS NEGLIGENCE AND DID PAY FOR THE DAMAGES TO THE EMPLOYERS (SIC) VEHICLE OPERATED BY PLAINTIFF APPELLANT.
 VII THE COURT LIMITED EVIDENCE OF THE CLAIM OF THE OHIO BUREAU OF WORKERS COMPENSATION TO BE INTRODUCED TO THE JURY BUT ALLOWED THE PLAINTIFF TO ARGUE SAID CLAIM. THIS HANDICAPPING OF THE PLAINTIFF WAS DESTRUCTIVE TO THE OHIO BUREAU CLAIM AND ALSO TO THE CLAIM OF THE PLAINTIFF-APPELLANT.
 VIII THE COURT WAS PRESENTED WITH STATUTORY AUTHORITY, 4123.931, REINFORCED BY THE PLAINTIFF'S ISSUING THE STATUTORY NOTICES AND PLEADING THE OHIO BUREAU INTO THE POSITION OF BEING A PARTY CLAIMANT IN THE PRIMARY CASE AGAINST A THIRD PARTY JOINT TORT FEASOR WHICH THE ATTORNEY GENERAL ANSWERED BUT FAILED TO PLEAD THE BUREAU'S CLAIM, AND THE COURT ALLOWED THE BUREAU TO HAVE THE BENEFIT OF 4123.93 INSTEAD OF HOLDING THE BUREAU TO THE OBLIGATIONS SET FORTH UNDER 4123.931 AGAINST NOT ONLY THE BUREAU'S INTERESTS BUT PREJUDICIAL TO THE INTERESTS OF THE PLAINTIFF-APPELLEE. (SIC)
 IX TRIAL COURT DIRECTED JURY TO ANSWER GENERAL VERDICT QUESTION FIRST AND IF FOR DEFENDANT TO IGNORE OTHER QUESTIONS. DETERMINATIVE ISSUES WHETHER ISSUES OF FACT OR MIXED WERE NOT GIVEN TO JURY TO ANSWER FIRST, WHICH IS OPPOSITE TO REQUIREMENT OF OHIO CIVIL RULE 49.
 X TRIAL COURT DID NOT SUBMIT APPROPRIATE QUESTIONS FOR DETERMINATION OF ISSUES WHETHER ISSUES OF FACT OR MIXED ISSUES OF FACT AND LAW NOR GIVE APPROPRIATE INSTRUCTIONS CONCERNING THEM. THUS JURY WAS NOT LED TO THE VERDICT APPROPRIATELY AS REQUIRES (SIC) BY OHIO CIVIL RULE 49.
 XI THE TRIAL COURT IGNORED 4123.931 REVISED CODE BY EXCUSING THE OHIO BUREAU FROM PERSUING (SIC) ITS CLAIM WHEN THE PLAINTIFF-APPELLANT APPROPRIATELY MADE THEM A PARTY TO THIS ACTION.
 XII TRIAL COURT DID NOT INSTRUCT JURY AS TO WHAT CONSTITUTED AGGRAVATION OF PRIOR INJURIES.
 XIII TRIAL COURT DID NOT INSTRUCT THE JURY REGARDING DEGREE OF PROOF OF INJURY EXCEEDING PRIOR INJURIES.
 XIV TRIAL COURT RETURNED REJECTED EXHIBITS TO ATTORNEY AND DID NOT REQUIRE EXHIBITS REJECTED ALL TO BE PRENUMBERED BEFORE INTERROGATION OF WITNESSES AND DID NOT RETAIN FOR COURT FILES THOSE EXHIBITS AND WAS UNABLE TO HAVE RETURNED EXHIBITS IDENTIFIED BY THE RECORD.
As an initial matter, we note that appellant's brief sets forth the bulk of her arguments in one unbroken section running thirty-two pages in length. Pursuant to App. R. 16(A)(7), an appellant's brief shall include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions * * *." (Emphasis added.) The preferred appellate practice is to argue the elements of each assignment of error separately, rather than in "lump-sum" fashion, not only for the sake of the reviewing judges, but so that an appellee may adequately respond. We will nevertheless, in the interest of fairness, attempt to address what we believe to be appellant's concerns. See, also, App.R. 12(A)(2).
 I, VII, XIV
We will address Assignments of Error I, VII and XIV together, as they all cite alleged evidentiary deficiencies in the trial court's decision. The issues raised in the three aforesaid assignments of error would mandate our review of the entire transcript. A review of the file on appeal reveals that appellant has failed to provide a transcript of the relevant trial court proceedings pursuant to App.R. 9(B). Therefore, this Court "has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199. Appellant's Assignments of Error I, VII and XIV are overruled.
 II, V, IX, X, XII, XIII
In Assignments of Error II, V, IX, X, XII XIII appellant alleges that the trial court committed certain errors in charging and instructing the jury. However, the Ohio Supreme Court has clearly held that "[w]hen a party fails to object to the giving of or failure to give a jury instruction before the jury retires to consider a verdict, the party may not assign as error the giving of or failure to give such instruction." Schade v. Carnegie Body Co. (1982), 70 Ohio St.2d 207, paragraph one of the syllabus. The transcript of the trial court's charge to the jury reveals the following exchange immediately before the commencement of deliberations:
 THE COURT: Counsel, are there any questions, deletions or additions to the instructions? Mr. Love?
MR. LOVE: No.
THE COURT: Mr. Roman?
MR. ROMAN: No, Your Honor.
 THE COURT: Would counsel please check the exhibits. Are the exhibits complete? Okay. Very well. It appearing the instructions are complete —
 MR. LOVE: Judge, would you look at these and make sure they are all here, please, or have you done that?
THE COURT: Certainly.
MR. LOVE: My memory isn't the best anymore so —
 THE COURT: All right. These appear to be the exhibits agreed upon. Very well, it appearing that the instructions are complete, the bailiff will take jurors, the verdict forms, the exhibits and jury interrogatories, along with the written instructions, to the jury room for deliberation. * * * T. of Charge to Jury at 30-31.
Appellant, in her reply brief, cites Krischbaum v. Dillon (1991),58 Ohio St.3d 58, for the proposition that failure to make a formal objection to the trial court's charge to the jury does not necessarily waive the right to assert the issue on appeal. However, the Supreme Court held in that case that "[the] purpose [of Civ.R. 51(A)] is fully served where the appellant has formally requested an instruction to the contrary, and the issue has been argued to the trial court." Id. at 61. Furthermore, the procedural facts in Krischbaum indicated that "the trial court and counsel for the parties engaged in a lengthy discussion regarding the proposed instructions at issue, making their positions clear to the trial court." Id. Although appellant herein did file a set of proposed jury instructions, the aforementioned exchange between her attorney, defense counsel, and the trial court in the case sub judice scarcely resembles the occurrences in Krischbaum. Therefore, absent a proper objection on the record to alleged errors in the instructions to the jury, we find no merit in appellant's position. Appellant's Assignments of Error II, V, IX, X, XII and XIII are overruled.
 III
In Assignment of Error III appellant alleges that appellee's counsel failed to make available a deposition of appellant. However, appellant does not indicate how the deposition's alleged absence impacted the outcome of the trial. Additionally, Civ.R. 37 details the procedures available to a party seeking to correct discovery-related problems. Our review of the record does not reveal that appellant took such steps to compel discovery at trial. For these reasons, we are unable to find any merit in appellant's position. Appellant's Assignment of Error III is overruled.
 IV
In Assignment of Error IV appellant contends that the trial court allowed appellee's counsel to make improper comments to the jury during voir dire, particularly concerning the topic of "sympathy." We disagree. It is well-settled in Ohio that the scope of voir dire examination is left to the sound discretion of the trial court. Dowd-Feder, Inc. v. Truesdell (1936), 130 Ohio St. 530; Maggio v. Cleveland (1949), 151 Ohio St. 136. Thus, our standard of review for this matter is that of abuse of discretion. The transcript of an excerpt of the voir dire process provides the following exchange: MR. ROMAN: The judge touched on this and I want to talk a little bit about it because it's an important subject, but it involves the subject of sympathy. We all have the emotion of sympathy at times in our lives, but does anyone have a problem with the fact that sympathy should not play any part in this case and that it should be decided based upon the evidence? Does anybody have a problem with that?
At times in my job you have to ask tough questions and sometimes I may be more aggressive than other times. But do you folks understand that myself and Mr. Love also have a job to do and at times certain types of difficult questions need to be asked? Does anybody have a problem with that?
MR. LOVE: I object to the use of the word "sympathy" without defining it.
THE COURT: The Court believes the jurors can understand what that term means. That is a part of the general jury instruction and the Court will permit the question.
T. at 3-4.
Subsequently, one prospective juror raised the topic again:
JUROR NO. 180: May I ask a question?
MR. ROMAN: Sure.
 JUROR NO 180: One recurring thought I had was the question and the repeated term "sympathy," could you tell me just so I can clarify this what would be the difference between responsibility and sympathy?
In other words, if this gentleman admits that the accident, he was at fault, okay, and surely by admission that he was at fault the injury were incurred by the other party, he could be responsible for that and that would be cut and dry responsibility for injury, what's the relationship in your mind between taking consequences for injuries that you may have caused one, which is not sympathy, but could be a moral kind of responsibility?
MR. ROMAN: Your Honor?
THE COURT: I would just indicate to the prospective jurors that as a part of the jury instructions in this case the Court is going to indicate and instruct you that in your decision you must make a decision based upon the standards of law that the Court gives to you based upon the evidence that you hear and see in the case with respect to any exhibit and any testimony that you may hear.
And you will also be instructed that you must not be influenced in your decision by sympathy, prejudice or passion towards any party, witness or attorney in the case. * * * T. at 7-9.
The Supreme Court has held that " * * * deliberate and persistent appeals to the sympathy of the jury, either directly or indirectly, are improper, as tending to induce either excessive or inadequate verdicts as result of such appeal to the passion or the prejudice of the jury." Book v. Erskine Sons (1951), 154 Ohio St. 391, paragraph one of the syllabus. Our review of the entirety of the limited transcript does not reveal any such "deliberate and persistent" attempt by appellee to manipulate the jury's sympathy, or any abuse of discretion by the trial court during voir dire. In fact, appellee's counsel essentially emphasized the traditional duty of the jury not to rely on sympathy or passion. Nonetheless, appellant seeks to convince us that the mere discussion of the concept of sympathy during voir dire was a form of "hypnotic process" or "reverse psychology" by appellee's counsel. (Appellant's Brief, Amended Assignments of Error, at paragraph 4.) Appellant cites no authority for this somewhat fanciful position, and we find no merit therein. Appellant's Assignment of Error IV is overruled.
 VI
In Assignment of Error VI, appellant challenges Evid.R. 411 as being outdated and unjust, and urges that it be declared void as against public policy. We disagree. Evid.R. 411 reads as follows: Evidence that a person was or was not insured against liability is not admissible upon the issue whether he acted negligently or otherwise wrongfully. This rule does not require the exclusion of evidence of insurance against liability when offered for another purpose, such as proof of agency, ownership or control, if controverted, or bias or prejudice of a witness. As noted by the Court of Appeals for Cuyahoga County:
* * * The exclusionary effect of Evid.R. 411 is to minimize any unfair prejudice resulting from knowledge of the existence of liability insurance. It is generally recognized that such information may influence juries to decide cases on whether or not money is available from an insurance company to pay a damage award." Bletsh v. Parma Community Gen. Hosp. (June 4, 1987), Cuyahoga App. No. 52204, unreported, at 2.
The purpose of the Evidentiary Rules is "to provide procedures for the adjudication of causes to the end that the truth may be ascertained and proceedings justly determined. * * *" Evid.R. 102. We find that Evid.R. 411 comports with this stated purpose, and are therefore strongly disinclined to entertain appellant's novel contention. Moreover, the lack of a full transcript prevents appellant from clearly establishing that she raised this asserted error at the trial court level in order to allow for appellate review. See, Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17,19. Appellant's Assignment of Error VI is overruled.
 VIII, XI
In Assignments of Error VIII and XI appellant maintains that the trial court failed to follow R.C. 4123.931 regarding the involvement of Bureau of Workers' Compensation. We disagree. R.C.4123.931, a section of Ohio's workers' compensation statutory scheme, governs subrogation rights in any action or claim brought pursuant to a cause of action arising on or after September 29, 1995. It reads in part as follows: (A) The payment of compensation or benefits pursuant to this chapter or Chapter 4121., 4127., or 4131., of the Revised Code creates a right of subrogation in favor of a statutory subrogee against a third party. A statutory subrogee's subrogation interest includes past payments of compensation and medical benefits and estimated future values of compensation and medical benefits arising out of an injury to or disability or disease of a claimant.
(B) A claimant shall notify a statutory subrogee of the identity of all third parties against whom the claimant has or may have a right of recovery. No settlement, compromise, judgment, award, or other recovery in any action or claim by a claimant shall be final unless the claimant provides the statutory subrogee with prior notice and a reasonable opportunity to assert its subrogation rights. If a statutory subrogee is not given that notice, the third party and the claimant shall be jointly and severally liable to pay the statutory subrogee the full amount of the subrogation interest.
(C) * * * A statutory subrogee may institute and pursue legal proceedings against a third party either by itself or in conjunction with a claimant. * * * Id.
Appellant essentially argues that the trial judge was obligated to ensure the Bureau's presence at the proceedings sub judice. However, the statute in question merely requires that the Bureau be given a "reasonable opportunity" to pursue its subrogation rights; the language does not place a statutory "burden" on the Bureau to participate at trial, as appellant asserts. Appellant's plaintive proposal that her case was prejudiced by the absence of a Bureau advocate is insufficient justification for this Court to accept such a strained interpretation of the statute. Appellant's Assignments of Error VIII and XI are overruled.
For the reasons stated in the foregoing, the decision of the Court of Common Pleas, Stark County, Ohio is affirmed.
By Farmer, J. Wise, P.J. and Hoffman, J. concur.