**The STATE of Ohio, Appellee,**

v.

**BLASDELL, Appellant.**

[Cite as *State v. Blasdell,* 155 Ohio App.3d 423, 2003-Ohio-6392.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 02 CA 22.

Decided Nov. 26, 2003.

424

Paul J. Gains, Mahoning County Prosecuting Attorney, and Joseph R. Macejko, Assistant Prosecuting Attorney, for appellee.

Dennis A. DiMartino, for appellant.

GENE DONOFRIO, Judge.

{¶ 1} Defendant-appellant, William A. Blasdell Jr., appeals from a Mahoning County Area Court No. 5 decision following a jury trial, convicting him of one count of domestic violence.

{¶ 2} On or about December 31, 1999, appellant got into an argument with his then-wife, Amy, upon her return from work. Appellant and Amy had been

married five and a half years and had a four-year-old daughter. The argument resulted in Amy's leaving the marital home with their daughter and going to her aunt's home for a New Year's Eve party. According to Amy, when she returned home, appellant was asleep on the couch. She went to sleep in her daughter's room. Sometime the next morning, appellant and Amy continued their argument.

{¶ 3} According to Amy, during their argument, appellant struck her in the chin, leaving a small cut, and punched her in the back and the arm, allegedly leaving bruises. Amy also admitted to slapping appellant. Amy called her mother, Beverly Van Steenberg, to come pick her up. When Mrs. Van Steenberg arrived, she also engaged in an argument with appellant. Eventually, Mrs. Van Steenberg left with Amy and her daughter.

{¶ 4} The Canfield police were contacted and arrived at the residence after Amy left. The officers found appellant outside with a neighbor. According to Officers Steven Kendall and Valerie Homan, appellant told them that he had just "beat the shit out of her [his wife]." The officers contacted Amy and her mother. They went to the police station, where Officer Homan photographed Amy's injuries and took both women's statements. Appellant was charged with two counts of domestic violence in violation of R.C. 2919.25(A), first-degree misdemeanors. One count was for the alleged domestic violence against Amy and one count was for alleged domestic violence against her mother. The case proceeded to a jury trial. The jury returned a guilty verdict on the charge involving Amy and a not guilty verdict on the charge involving Mrs. Van Steenberg. The court sentenced appellant to 180 days in jail, 150 days suspended, 24 months of reporting probation, and fined him $250.

{¶ 5} Appellant filed his timely notice of appeal on January 31, 2002. Due to several extensions and a dismissal and reinstatement of the appeal, appellant did not file his brief until May 13, 2003.

{¶ 6} Appellant raises four assignments of error, the first of which states:

{¶ 7} "The trial court erred by denying defendant-appellant's request to instruct the jury on disorderly conduct as a lesser-included offense of domestic violence."

{¶ 8} Appellant argues that the trial court erred by refusing to instruct the jury on disorderly conduct, which he asserts is a lesser included offense of domestic violence. Appellant points to the following testimony, which he claims warranted a disorderly-conduct instruction: he testified that Amy physically attacked him first; they had a crumbling marriage and a history of arguments; he had been taking psychotropic medications; they were divorced by the time of trial; Amy had a history of unprovoked physical attacks on him; and Amy's

injuries were minor and did not require medical attention. Appellant points our attention to numerous cases that have held that disorderly conduct is a lesser included offense of domestic violence and assault, citing *State v. Harris* (Mar. 27, 1996), 1st Dist. No. C–950524; *State v. Burgess* (1992), 79 Ohio App.3d 584, 588, 607 N.E.2d 918; *State v. Stuber* (1990), 71 Ohio App.3d 86, 593 N.E.2d 48; *State v. Amos* (Jan. 15, 1988), 11th Dist. No. 12–088, 1988 WL 4622; *State v. Reynolds* (1985), 25 Ohio App.3d 59, 60–61, 25 OBR 227, 495 N.E.2d 971; and *State v. Roberts* (1982), 7 Ohio App.3d 253, 254–255, 7 OBR 333, 455 N.E.2d 508.

{¶ 9} When reviewing a trial court's jury instructions, an appellate court reviews whether the trial court's refusal to give a requested jury instruction constitutes an abuse of discretion. *State v. Wolons* (1989), 44 Ohio St.3d 64, 68, 541 N.E.2d 443. Abuse of discretion is more than a mere error of judgment; it is conduct that is arbitrary, capricious, unreasonable, or unconscionable. *State v. Moreland* (1990), 50 Ohio St.3d 58, 61, 552 N.E.2d 894. Only those instructions that conform to the facts of the case should be given. *Avon Lake v. Anderson* (1983), 10 Ohio App.3d 297, 299, 10 OBR 472, 462 N.E.2d 188.

{¶ 10} In determining whether an offense is a lesser included offense of another offense, we are to follow the test set out by the Ohio Supreme Court in *State v. Deem* (1988), 40 Ohio St.3d 205, 533 N.E.2d 294, paragraph three of the syllabus:

{¶ 11} "An offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense."

{¶ 12} There is no question that disorderly conduct carries with it a lesser penalty than domestic violence. Domestic violence is a first-degree misdemeanor. R.C. 2919.25(D). Disorderly conduct, as defined above, is a minor misdemeanor. R.C. 2917.11(E)(2). Thus, the first prong of the *Deem* test is satisfied. Furthermore, there is no dispute that domestic violence involves an element that is not required to prove disorderly conduct. The offender must act knowingly to commit domestic violence but only recklessly to commit disorderly conduct. R.C. 2919.25(A); R.C 2917.11(A). Consequently, the third *Deem* prong is met.

{¶ 13} But there is a split of authority as to whether the second prong of *Deem* can be met. Some courts have found disorderly conduct to be a lesser included offense of domestic violence or assault, see *Harris*, 1st Dist. No. C–950524; *Burgess*, 79 Ohio App.3d 584, 607 N.E.2d 918; *Stuber*, 71 Ohio App.3d 86, 593 N.E.2d 48; *Amos*, 11th Dist. No. 12–088; *Reynolds*, 25 Ohio App.3d 59, 25 OBR 227, 495 N.E.2d 971; *Roberts*, 7 Ohio App.3d 253, 7 OBR 333, 455 N.E.2d 508,

while other courts have not. See *State v. Schaefer* (Apr. 28, 2000), 2d Dist. No. 99 CA 88, 2000 WL 492094; *State v. Neal* (Sept. 1, 1998), 10th Dist. No. 97APA12–1676, 1998 WL 614628.

{¶ 14} This court addressed the issue in *State v. Yontz* (1999), 135 Ohio App.3d 530, 734 N.E.2d 882. We held that since there was a split in authority regarding whether disorderly conduct was a lesser included offense of assault, the best approach to take was to deal with the issue on a case-by-case basis. Id. at 538, 734 N.E.2d 882. But since then, the Ohio Supreme Court decided *State v. Barnes* (2002), 94 Ohio St.3d 21, 759 N.E.2d 1240. In analyzing whether felonious assault is a lesser included offense of attempted murder, the *Barnes* court stated:

{¶ 15} "The state urges us to find that felonious assault under R.C. 2903.11(A)(2) can be a lesser included offense of attempted murder in the specific factual scenario presented here (viz., when an offender uses a deadly weapon as a means of attempting murder). But the second prong of the *Deem* test requires us to examine the offenses at issue *as statutorily defined* and not with reference to specific factual scenarios. '[T]he evidence presented in a particular case is irrelevant to the determination of whether an offense, as statutorily defined, is necessarily included in a greater offense.' [*State v.*] *Kidder* [1987], 32 Ohio St.3d [279] at 282, 513 N.E.2d [311] at 315; see, also, *State v. Koss* (1990), 49 Ohio St.3d 213, 218–219, 551 N.E.2d 970, 975. Our comparison of the statutory elements of the two offenses at issue here leads us to conclude that felonious assault under R.C. 2903.11(A)(2) is not a lesser included offense of attempted murder because it is possible to commit the greater offense without committing the lesser one. For example, an offender may commit an attempted murder *without* use of a weapon, meaning that 'attempted murder can *sometimes* be committed without committing felonious assault under [R.C. 2903.11(A)(2) ].' (Emphasis sic.) *State v. Nelson* (1996), 122 Ohio App.3d 309, 315, 701 N.E.2d 747, 750. We are therefore unable to conclude that 'the greater offense [attempted murder] cannot, as statutorily defined, *ever* be committed without the lesser offense [felonious assault], as statutorily defined, also being committed.' (Emphasis added.) *Deem*, 40 Ohio St.3d 205, 533 N.E.2d 294, paragraph three of the syllabus." Id. at 26, 759 N.E.2d 1240.

{¶ 16} Thus, we can no longer decide the issue on a case-by-case basis but must determine whether domestic violence, as statutorily defined, can ever be committed without disorderly conduct, as statutorily defined, also being committed. If it can be, then disorderly conduct is not a lesser included offense of domestic violence.

{¶ 17} Appellant was convicted under R.C. 2919.25(A), which provides: "No person shall knowingly cause or attempt to cause physical harm to a family or

household member." Appellant requested that the court give a disorderly conduct instruction based on R.C. 2917.11(A)(1), which provides:

{¶ 18} "(A) No person shall recklessly cause inconvenience, annoyance, or alarm to another by doing any of the following:

{¶ 19} "(1) Engaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior."

{¶ 20} As the Second District has noted:

{¶ 21} "[O]ne may attempt to cause physical harm to another without his or her knowledge, in which case the victim will not have suffered inconvenience, annoyance, or alarm. We concede that, in most cases, the actions by which one causes or attempts to cause physical harm to another may also cause inconvenience, annoyance, or alarm to that person. But a victim might be wholly unaware of an attempt to cause physical harm where, for example, the perpetrator throws an object at the victim, who is not looking at the perpetrator, but misses his target, and thus the victim suffers no inconvenience, annoyance, or alarm." *Schaefer,* 2d Dist. No. 99 CA 88.

{¶ 22} Since a situation exists where an offender can commit domestic violence but not commit disorderly conduct, the second *Deem* element cannot be met. *Barnes* requires us to look at whether a set of factual circumstances exists whereby the greater offense can *ever* be committed without the lesser offense also being committed. Because such a factual scenario exists, disorderly conduct is not a lesser included offense of domestic violence.

{¶ 23} Given that disorderly conduct is not a lesser included offense of domestic violence, the trial court did not err in refusing to give the jury a disorderly conduct instruction. Therefore, appellant's first assignment of error is without merit.

{¶ 24} Appellant's second assignment of error states:

{¶ 25} "The trial court erred in prohibiting defendant-appellant from introducing evidence that he had offered to take a stipulated polygraph examination which was material to and exculpatory evidence of his innocence."

{¶ 26} Appellant argues that the court should have permitted him to introduce evidence that he volunteered to take a polygraph test. The court did not permit him to introduce such evidence. Appellant contends that this evidence was relevant because it tended to prove his innocence. Appellant cites *Bucci v. Nationwide Ins. Co.* (Dec. 20, 1991), 7th Dist. No. 90 CA 83, 1991 WL 274273, and *State v. Spirko* (1991), 59 Ohio St.3d 1, 570 N.E.2d 229, to support the proposition that the willingness to take a polygraph test is admissible as long as the results are not admitted.

{¶ 27} The decision to admit or exclude evidence is within the trial court's broad discretion. *State v. Mays* (1996), 108 Ohio App.3d 598, 617, 671 N.E.2d 553.

{¶ 28} Generally, all relevant evidence is admissible. Evid.R. 402. Relevant evidence is any evidence that tends to make a fact at issue more probable or less probable than it would be without that evidence. Evid.R. 401.

{¶ 29} In the present case, appellant apparently volunteered to take a polygraph test but never did. According to appellant, Amy and Mrs. Van Steenberg did not want him to take the test. Appellant cites *Spirko*, supra, and *Bucci*, supra, which he alleges support his argument that the court erred in refusing to admit the evidence of his willingness to take a polygraph test. In *Spirko*, the defendant raised as error the admission of evidence regarding the fact that certain people had asked him to take, had taken, and had volunteered to take polygraph tests. The court determined that no prejudicial error was committed in the admission of this testimony. The court did not address whether it would have been error for the trial court to have excluded such testimony, although it did allude to the fact that the admission of some of the testimony regarding polygraphs was error. In *Bucci*, this court upheld the trial court's decision to allow evidence regarding the plaintiff's willingness to take a polygraph exam, finding that it was relevant to the issue of whether he burglarized his own store in order to collect insurance money.

{¶ 30} Other cases have also dealt with this issue. For example, in *State v. Christman* (May 28, 1999), 7th Dist. No. 786, 1999 WL 343411, the defendant argued that the court should have given a more appropriate curative instruction or redacted part of a tape of a conversation between him and the sheriff, where the sheriff talked to the defendant about his refusal to take a polygraph test. In finding that plain error did not exist in that case, this court noted, " '[S]ince it is uniformly held that such a [polygraph] test is not judicially acceptable, it reasonably follows that neither a professed willingness nor a refusal to submit to such a test should be admitted.' *State v. Hegel* (1964), 9 Ohio App.2d 12, 13 [38 O.O.2d 25], 222 N.E.2d 666, citing *State v. Smith* (1960), 113 Ohio App. 461 [18 O.O.2d 19], 178 N.E.2d 605." Id. Other courts have also followed *Hegel* and *Smith*. See *State v. Byrd* (Jan. 6, 1998), 4th Dist. No. 96CA2427, 1998 WL 2403 (where the court held that the prosecutor's attempt to elicit that one of the state's witnesses was willing to undergo a polygraph examination was prejudicial error); *State v. Williams* (Mar. 26, 1997), 1st Dist. No. C–960296, 1997 WL 133376 (finding that the trial court did not err in denying the defendant's motion for a mistrial where a state's witness testified that the defendant agreed to take a polygraph test). But at least one other court has held that it is not error for a

trial court to admit evidence of a state's witness's willingness to take a polygraph. See *State v. Ballard* (Nov. 22, 1996), 2d Dist. No. 15410, 1996 WL 673266.

{¶ 31} Based on the above cases, the trial court did not abuse its discretion in refusing to admit evidence of appellant's willingness to take a polygraph test. Furthermore, appellant admitted to striking and attempting to strike Amy. And three police officers testified that appellant told them he 'had hit Amy. Two of the officers testified that appellant told them, "I beat the shit out of her." Thus, had the court admitted evidence of appellant's willingness to take a polygraph test, this would not have negated the evidence of his guilt. Therefore, appellant's second assignment of error is without merit.

{¶ 32} Appellant's third assignment of error states:

{¶ 33} "The trial court erred by preventing defense counsel from direct and/or cross-examining witnesses in several highly relevant areas."

{¶ 34} Appellant contends that the court erred in disallowing his counsel to question Amy and him on certain subjects. First, appellant contends that the court should have permitted him to impeach Amy with evidence of perjury in their divorce hearing. During cross-examination, appellant's counsel asked Amy whether she would take an oath to tell the truth and then lie, to which she responded "no." Appellant then introduced evidence that at a September 18, 2000 divorce hearing, the court asked Amy whether she was pregnant, to which she responded "no." Counsel also elicited from Amy her son's birth date, which is February 21, 2001. Thus, counsel implied that Amy knew that she was pregnant at the divorce hearing and lied to the court, which she denied. Appellant contends that he had other evidence that Amy had knowledge of her pregnancy at the time of the divorce hearing but that the court refused to allow him to introduce it. Appellant asserts that this evidence would have demonstrated that Amy has no problem lying under oath and would have destroyed her credibility. Since this was a case of he-said, she-said, appellant contends that the court erred in refusing to allow him to impeach Amy.

{¶ 35} Second, appellant contends that the court should have allowed his counsel to question him about his knowledge of Amy's alleged affair. He contends that when asked, Amy stated that she was not having an affair at the time of this incident but that appellant thought that she was. This opened the door, appellant alleges, so that his counsel could have questioned him about his knowledge of Amy's alleged affair. He argues that the court erred in not permitting his counsel to engage in this line of questioning. Appellant argues that per Evid.R. 616(A) and (C), the court should have permitted him to tell what he knew about the alleged affair in order to impeach Amy by way of "[b]ias,

prejudice, or any motive to misrepresent," citing *State v. McQueen* (1997), 124 Ohio App.3d 444, 706 N.E.2d 423.

{¶ 36} A trial court shall exercise reasonable control over the mode and order of interrogating witnesses. Evid.R. 611(A). The trial court shall allow cross-examination "on all relevant matters and matters affecting credibility." Evid.R. 611(B). The scope of cross-examination lies within the trial court's discretion. *State v. Slagle* (1992), 65 Ohio St.3d 597, 605, 605 N.E.2d 916. This court will not reverse a trial court's ruling on the scope of cross-examination absent an abuse of that discretion. Id.

{¶ 37} Appellant's first argument alleging that the court erred in refusing to permit him to impeach Amy with evidence of perjury in their divorce hearing is without merit. Although the trial court eventually disallowed appellant's counsel's questioning of Amy about her knowledge of her pregnancy and her honesty at the divorce hearing, it did so only after over 18 pages of questioning and testimony on the subject. The court commented that counsel had ample opportunity to raise this issue. Given these circumstances, we cannot say that the trial court abused its discretion in limiting counsel's cross-examination of Amy when it did.

{¶ 38} Appellant's second argument alleging that the court should have allowed his counsel to question him about his knowledge of Amy's alleged affair is likewise without merit. Appellant makes a solid argument that had he been able to testify that Amy was having an affair, this would have shown that she possessed a bias against him and a motive to lie. Assuming, arguendo, that the court erred in disallowing appellant's counsel to question him about the alleged affair, any error was harmless, as the outcome of the trial would not have been different. Even without Amy's testimony, the evidence clearly proved that appellant was guilty of domestic violence. As discussed above, appellant's testimony along with that of the police officers was enough to sustain his conviction.

{¶ 39} Thus, appellant's third assignment of error is without merit.

{¶ 40} Appellant's fourth assignment of error states:

{¶ 41} "Trial court for plaintiff-appellee committed prosecutorial misconduct in closing arguments. [Sic.]"

{¶ 42} Appellant contends that the prosecutor committed prosecutorial misconduct during his closing arguments. Appellant points to three comments he alleges were improper and prejudicial. First, appellant argues that the prosecutor should not have commented on people appellant chose not to call as witnesses. He claims that this comment shifted the burden to him because it implied that he

was required to produce witnesses to support his case. Additionally, appellant argues that the prosecutor made the jury think that these other people were supposed to be witnesses. Furthermore, appellant contends, he could not have called his parents to testify after they sat through most of the trial because the court ordered a separation of witnesses. Finally, appellant argues that by alluding to witnesses who were not called, the prosecutor created an inference that the non-called witnesses would have contradicted the witness who did testify, citing *Sidney v. Walters* (1997), 118 Ohio App.3d 825, 694 N.E.2d 132.

{¶ 43} Appellant called his aunt, Joan Shugart, to testify as to an argument she observed between appellant and Amy in which Amy struck appellant. During her testimony, Shugart indicated that a number of other people were present when that argument occurred, including appellant's parents. During his closing argument, the prosecutor stated, "* * * Mrs. Shugart, or Ms. Shugart, I'm sorry, she indicated to me that there were a number of people present in that residence. Several of them were in the first row of this courtroom. But she was the only one that came forward and testified."

{¶ 44} Second, appellant argues that the prosecutor erred in making a statement that advocated lying under oath. He contends that an attorney should never suggest to a jury that it is permissible to lie to a court, regardless of the reason. Appellant asserts that other courts have struck down this type of comment as going too far.

{¶ 45} During the trial, appellant tried to impeach Amy with her testimony from their divorce hearing. At that hearing, the court had asked Amy whether she was pregnant. She told the court she was not. Approximately five months later, she gave birth to a baby, fathered by her new husband. Amy claimed that she did not know at the time of the divorce hearing that she was pregnant. During his closing argument, the prosecutor commented on Amy's testimony, stating, "Quite frankly, if I was married to Mr. Blasdell and I wanted to get my divorce over quicker, I might even lie to a Court."

{¶ 46} Finally, appellant claims that the prosecutor erred by inflaming the jury's passion by referring to murder in a misdemeanor domestic violence trial. Appellant contends that by bringing up murder in a domestic violence trial, the prosecutor was attempting to cause the jury to think about the future possibilities of domestic violence "ala O.J. Simpson."

{¶ 47} In trying to minimize the fact that photographs of Amy's allegedly bruised back and arm barely revealed any bruising, the prosecutor commented, "And I'm going to tell you, there have been determinations by other juries of people being, getting convicted of murder, probably the most serious crime that exists, without the recovery of a body."

{¶ 48} The standard of review for prosecutorial misconduct is whether the comments by the prosecution were improper, and, if so, whether they prejudiced appellant's substantial rights. *State v. Treesh* (2001), 90 Ohio St.3d 460, 480, 739 N.E.2d 749. Prosecutorial misconduct will not provide a basis for reversal unless the misconduct can be said to have deprived the appellant of a fair trial based on the entire record. *State v. Lott* (1990), 51 Ohio St.3d 160, 166, 555 N.E.2d 293.

{¶ 49} Appellant takes issue with several comments made by the prosecutor during the prosecutor's closing argument. In examining these comments out of order, it must be noted that defense counsel failed to object to the comment about lying to the court and the murder comment. Therefore, appellant has waived these alleged improprieties, absent plain error. *State v. White* (1998), 82 Ohio St.3d 16, 22, 693 N.E.2d 772. Plain error will be held to exist only when the outcome of the proceedings clearly would have been different if the misconduct had not occurred. *State v. Waddell* (1996), 75 Ohio St.3d 163, 166, 661 N.E.2d 1043. In this case, there is no indication that the outcome of the trial clearly would have been different had the prosecutor not made the aforementioned comments. As stated above, given the testimony of Amy, the three police officers, and appellant, the jury had competent, credible evidence of appellant's guilt. We cannot say that any statements by the prosecutor constituted plain error.

{¶ 50} We must next look at the comment about the people who did not testify. Considerable latitude is afforded to counsel during closing argument. *State v. Maurer* (1984), 15 Ohio St.3d 239, 269, 15 OBR 379, 473 N.E.2d 768. Although the prosecutor's comment appears improper, it did not prejudice appellant. For support, appellant cites *Walters,* supra. However, *Walters* reversed the defendant's D.U.I. conviction without addressing the assignments of error, which alleged various instances of prosecutorial misconduct in questioning the defendant and in the closing argument. It is only through the concurring opinion that we learn what misconduct the defendant actually complained of. While questioning the defendant, the prosecution repeatedly asked the defendant why certain people were not called to testify on his behalf and implied that he did not call them because they knew that he was drunk that night. Then in her closing argument, the prosecutor argued that the defense did not call certain witnesses because they knew that he was drunk and expressed her opinion as to appellant's physical state on the night he was arrested. The defendant's counsel made numerous objections, which the trial court overruled.

{¶ 51} In this case, unlike *Walters,* the prosecutor made only one comment about uncalled witnesses and never questioned appellant about these uncalled witnesses. Furthermore, as stated above, the record reveals competent, credible

evidence of appellant's guilt. Therefore, appellant's fourth assignment of error is without merit.

{¶ 52} For the reasons stated above, the trial court's judgment is hereby affirmed.

Judgment affirmed.

WAITE, P.J., and VUKOVICH, J., concur.