DECISION AND JUDGMENT ENTRY
{¶ 1} Frank Thacker appeals his assault conviction in the Lawrence County Municipal Court, arguing that the court committed plain error by failing to instruct the jury on the lesser included offense of disorderly conduct. We reject this argument because the evidence introduced at trial does not reasonably support an acquittal on the assault charge and a conviction on disorderly conduct. Therefore, a jury instruction on disorderly conduct was not required. Thacker also contends that the court committed plain error by allowing the deputy who responded to the victim's complaint to testify that the victim's injuries appeared "fresh." Because this testimony was based on the deputy's observations and was helpful to the jury, we conclude that this testimony was properly admitted.
 {¶ 2} Next, Thacker argues that his trial counsel was ineffective because he did not allow Thacker to testify that he acted in self-defense or had an alibi, did not request a jury instruction on the lesser included offense of disorderly conduct, did not object to the deputy's testimony that the victim's injuries appeared "fresh," and did not object to the victim's testimony that Thacker had prior assault charges filed against him. We conclude that trial counsel was not ineffective. We cannot properly consider Thacker's allegation that counsel should have called him as a witness because it is based on evidence outside the record that can be considered only in a postconviction proceeding. Further, we have already concluded that an instruction on the lesser included offense of disorderly conduct was unwarranted and that the deputy's testimony as to the appearance of the victim's injuries was properly admitted. Finally, we conclude that, although counsel's failure to object to the victim's testimony regarding a prior assault charge against Thacker may have been improper, Thacker cannot demonstrate that this inaction by trial counsel affected the outcome of his trial.
 {¶ 3} Thacker also argues that his conviction was against the manifest weight of the evidence and was not supported by sufficient evidence. We reject these claims because the State introduced the testimony of the victim which established that Thacker caused physical harm to him by punching and kicking him. Finally, Thacker argues that cumulative error deprived him of a fair trial. Because we have found that only one harmless error may have occurred, we conclude that cumulative error was not present at trial. Having found no merit in any of Thacker's assigned errors, we affirm his conviction.
 {¶ 4} The State filed a complaint alleging that Thacker assaulted Charles Edwards in violation of R.C. 2903.13, a first degree misdemeanor. When the matter proceeded to trial, Mr. Edwards testified that he has known Thacker for several years. Mr. Edwards testified that he drives a dump truck and, twelve days prior to the assault, he was delivering dirt to a residence. Thacker was already at that site operating a bulldozer. Mr. Edwards informed the owner of the residence that he "didn't want to be associated with [Thacker]," and the property owner had him removed from the job site until Mr. Edwards finished dumping the dirt. Mr. Edwards testified that he made this statement to the property owner because his boss and his boss's uncle had previous business problems with Thacker and because he'd heard that Thacker had "prior assault charges against him."
 {¶ 5} One day, as Mr. Edwards was leaving Lowe's at approximately 4:30 p.m., he passed Thacker entering the store. The two men did not speak. As Mr. Edwards neared his truck, he was struck in the head from behind and fell to the ground. When he turned around, Mr. Edwards saw that Thacker had struck him. Thacker then began punching and kicking Mr. Edwards. He eventually left and Mr. Edwards returned to the store and called the Sheriff's Department.
 {¶ 6} Deputy John Chapman testified that he responded to the call from Lowe's; however, when he arrived, Mr. Edwards had already left the store. A store employee gave Deputy Chapman a phone number for Mr. Edwards and Deputy Chapman called the number and drove to Mr. Edwards' residence. Deputy Chapman observed that Mr. Edwards had several injuries to the right side of his face including redness and swelling around his right eye and cheek. He also had a small cut on the side of his nose and a cut on his forehead. The injuries appeared to have been sustained recently.
 {¶ 7} The jury found Thacker guilty of assault and the trial court sentenced him to six months in jail and a $500 fine. Thacker timely appealed his conviction, assigning the following errors: "I. The trial court committed plain error in not giving a required lesser included offense instruction of disorderly conduct. II. The trial court committed plain error in permitting Deputy Chapman to give his opinion as to the medical condition of Charles Edwards. III. Defendant Frank Thacker received ineffective assistance of counsel for the following reasons: A. When his attorney refused to allow him to testify to self defense or alibi on his own behalf, thereby leaving the State's evidence uncontested; B. When his attorney did not request a lesser included offense instruction; C. When his attorney failed to object to Deputy Chapman's medical testimony; D. When his attorney failed to object to Mr. Edwards' testimony of prior assault charges; [sic] IV. The conviction was against the manifest weight of the evidence. V. The State failed to produce sufficient evidence to sustain a conviction of assault. VI. The cumulative error in the trial deprived the defendant of a fair trial."
 I. {¶ 8} In his first assignment of error, Thacker argues that the court committed plain error by failing to give the jury instruction for the lesser included offense of disorderly conduct, a minor misdemeanor.
 {¶ 9} Thacker's trial counsel never requested a jury instruction on disorderly conduct. Consequently, absent plain error, he waived the issue. See Crim.R. 52(B). An appellate court will take notice of plain error with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. State v. Long (1978),53 Ohio St.2d 91, 372 N.E.2d 804, paragraph three of the syllabus. Plain error does not exist unless it can be said that, but for the error, the outcome of the trial clearly would have been otherwise. State v. Biros,78 Ohio St.3d 426, 1997-Ohio-204, 678 N.E.2d 891. Here, we conclude that the court did not commit error, plain or otherwise, by failing to instruct the jury on disorderly conduct.
 {¶ 10} "[A] criminal offense may be a lesser included offense of another if (1) the offense carries a lesser penalty than the other; (2) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense; and (3) some other element of the greater offense is not required to prove the commission of the lesser offense."State v. Barnes, 94 Ohio St.3d 21, 25-26, 2002-Ohio-68, 759 N.E.2d 1240, citing State v. Deem (1988), 40 Ohio St.3d 205, 533 N.E.2d 294, paragraph three of the syllabus. Thacker contends, relying on our decision in Statev. Ault (Aug. 31, 2000), Athens App. No. 99CA56, that disorderly conduct is a lesser included offense of assault under the Deem test.[1]
 {¶ 11} However, even if an offense is a lesser included offense of a crime with which a defendant stands charged, the court need not automatically give the lesser included offense charge. See State v.Thomas (1988), 40 Ohio St.3d 213, 216, 533 N.E.2d 286. Rather, a court must instruct a jury regarding a lesser included offense "only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense." Id. In determining whether the evidence reasonably supports the lesser included offense instruction, "[t]he persuasiveness of the evidence regarding the lesser included offense is irrelevant." State v. Wilkins
(1980), 64 Ohio St.2d 382, 388, 415 N.E.2d 303. Instead, the trial court must give the lesser included offense instruction, "[i]f under any reasonable view of the evidence it is possible for the trier of fact to find the defendant not guilty of the greater offense and guilty of the lesser offense." Id.
 {¶ 12} After reviewing the evidence presented at trial, we conclude that an instruction on disorderly conduct was not warranted. The evidence does not support both an acquittal on assault and a conviction on disorderly conduct. One is guilty of assault when one causes or attempts to cause physical harm to another. R.C. 2903.13(A). As relevant here, disorderly conduct occurs when a person recklessly causes inconvenience, annoyance or alarm to another by engaging in fighting or in violent or turbulent behavior, or by presenting a risk of physical harm to another person. R.C. 2917.11(A)(1) and (5).
 {¶ 13} The evidence at trial established only one version of events — that Thacker punched and kicked the victim and caused injury. If the evidence is believed, Thacker's actions did more than cause "inconvenience, annoyance or alarm" to Mr. Edwards. His injuries were visible to Deputy Chapman and are reflected in photographs Deputy Chapman took which the State introduced into evidence. Thacker's conduct resulted in physical injuries to Edwards, not merely emotional distress.
 {¶ 14} Thacker's first assignment of error is meritless.
 II. {¶ 15} In his second assignment of error, Thacker argues that the trial court committed plain error by permitting Deputy Chapman to express his opinion that the injuries suffered by Mr. Edwards appeared "fresh" when he observed them.
 {¶ 16} A trial court possesses broad discretion in determining the admissibility of evidence. See, e.g., State v. Thomas, 97 Ohio St.3d 309,2002-Ohio-6624, 779 N.E.2d 1017, at ¶ 46; State v. Hartman,93 Ohio St.3d 274, 281, 2001-Ohio-1580, 754 N.E.2d 1150. Thus, we will not reverse its decision unless the trial court "`clearly abused its discretion.'" State v. Slagle (1992), 65 Ohio St.3d 597, 602,605 N.E.2d 916, quoting State v. Hymore (1967), 9 Ohio St.2d 122, 128,224 N.E.2d 126. The term "abuse of discretion" implies more than an error of law or judgment, but instead suggests that the court acted in an unreasonable, arbitrary, or unconscionable manner. See, e.g., State v.Myers, 97 Ohio St.3d 335, 2002-Ohio-6658, 780 N.E.2d 186, at ¶ 75; Statev. Xie (1992), 62 Ohio St.3d 521, 584 N.E.2d 715. Furthermore, when applying the abuse of discretion standard, we may not simply substitute our judgment for the trial court's. See, e.g., State v. Herring,94 Ohio St.3d 246, 2002-Ohio-796, 762 N.E.2d 940; In re Jane Doe I
(1991), 57 Ohio St.3d 135, 566 N.E.2d 1181.
 {¶ 17} Evid.R. 701 provides: "If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (1) rationally based on the perception of the witness and (2) helpful to a clear understanding of his testimony or the determination of a fact in issue."
 {¶ 18} Deputy Chapman's testimony that the injuries to Mr. Edwards appeared "fresh" falls squarely within Evid.R. 701. Deputy Chapman's opinion was clearly based on his perception and it was helpful to the jury as it established that Mr. Edwards had suffered recent injuries when Deputy Chapman observed him. To the extent Thacker complains that expert testimony was necessary to assess the recentness of Mr. Edwards' injuries, we reject this contention. Human experience is such that the untrained eye can distinguish between a recent beating and an old one. We find no error, much less plain error, in the court's admission of this testimony.
 {¶ 19} Thacker's second assignment of error is overruled.
 III. {¶ 20} In his third assignment of error, Thacker contends that he received ineffective assistance of counsel. The Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution provide that defendants in all criminal proceedings shall have the assistance of counsel for their defense. Furthermore, the United States Supreme Court has generally interpreted this provision to mean that a criminal defendant is entitled to the "reasonably effective assistance" of counsel. Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052, 80 L.Ed.2d 674, 693. In order to prove the ineffective assistance of counsel, a criminal defendant must show that: (1) counsel's performance was in fact deficient, i.e., not reasonably competent, and (2) such deficiencies prejudiced the defense so as to deprive the defendant of a fair trial. Strickland, 466 U.S. at 687, 80 L.Ed.2d at 693; Statev. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph two of the syllabus.
 {¶ 21} When considering whether counsel's representation amounts to a deficient performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland at 689. Thus, "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. The United States Supreme Court has noted that "there can be no such thing as an error-free, perfect trial, and * * * the Constitution does not guarantee such a trial." UnitedStates v. Hasting (1983), 461 U.S. 499, 508-509, 103 S.Ct. 1974,76 L.Ed.2d 96.
 A. {¶ 22} First, Thacker argues that his trial counsel was ineffective because he refused to allow him to testify as to self-defense or an alibi, thereby leaving the State's evidence uncontested. Notably, there is no evidence in the record as to how Thacker would have testified if called as a witness. It is impossible for a court to determine on direct appeal whether counsel was ineffective when the allegations of ineffectiveness are based on facts outside the record. State v. Gibson
(1980), 69 Ohio App.2d 91, 95, 430 N.E.2d 954. Rather, the appropriate procedure is to further develop the record through postconviction proceedings. See id.
 {¶ 23} Further, even assuming we could properly consider Thacker's claim, it is unlikely we would determine that trial counsel was ineffective based on his failure to call Thacker as a witness. "Generally, counsel's decision whether to call a witness falls within the rubric of trial strategy and will not be second-guessed by a reviewing court." State v. Hughbanks, 99 Ohio St.3d 365, 2003-Ohio-4121,792 N.E.2d 1081, at ¶ 82. Failure to call a witness is not ineffective assistance of counsel if calling that witness opens the door to unfavorable testimony that would likely outweigh the value of any favorable testimony the witness might offer. State v. Reynolds,148 Ohio App.3d 578, 2002-Ohio-3811, 774 N.E.2d 347, at ¶ 74. Here, trial counsel may have concluded that the better trial strategy was to attempt to discredit the State's evidence rather than for Thacker to testify as to his version of the events.
 B. {¶ 24} Next, Thacker argues that his trial counsel was ineffective for failing to request a jury instruction for the lesser included offense of disorderly conduct. As we concluded in Thacker's first assignment of error, that instruction would not have been appropriate. Therefore, counsel's failure to request such an instruction was not deficient representation.
 C. {¶ 25} Third, Thacker argues that his trial counsel was ineffective for failing to object to Deputy Chapman's testimony that Mr. Edwards' injuries were "fresh." Because we determined that this evidence was properly admitted in assignment of error two, counsel's performance was not deficient due to his failure to object to this evidence.
 D. {¶ 26} Finally, Thacker argues that his counsel was ineffective for failing to object to Mr. Edwards' testimony that he "heard that [Thacker had] prior assault charges against him." We agree that Mr. Edwards' testimony may have been inadmissible hearsay. There is no direct evidence that Thacker was previously charged or convicted of assault. Moreover, evidence that an accused has previously been convicted of a crime is admissible only for impeachment purposes in limited circumstances, see Evid.R. 609(A)(2) and (3), and evidence of previous arrests or indictments is not admissible under Evid.R. 609. Gianelli Snyder, Evidence, 2d Ed. (2001), at § 609.3.
 {¶ 27} However, a statement offered for purposes other than to prove the truth of the matter asserted is not hearsay. Evid.R. 801(C). Here, it appears that the State was attempting to explain why Mr. Edwards asked that Thacker be removed from the job site, not to establish that Thacker was previously arrested for assault. Therefore, this statement may have been admissible for this purpose.
 {¶ 28} Nonetheless, we recognize that trial counsel could have objected to this testimony even if it was not hearsay. A court may determine that evidence, although relevant, is not admissible when its probative value is substantially outweighed by the danger of unfair prejudice. Evid.R. 403. Alternatively, or if the trial court overruled such an objection, counsel could have requested an instruction informing the jury that this testimony could only be considered for the limited purpose for which it was admitted. See Evid.R. 105 ("When evidence which is admissible as to one party or for one purpose but not admissible as to another party of[2] for another purpose is admitted, the court, upon request of a party, shall restrict the evidence to its proper scope and instruct the jury accordingly.")
 {¶ 29} In reviewing Thacker's ineffective assistance of counsel claim, we must indulge in the strong presumption that counsel was following a sound trial strategy when he failed to object to Mr. Edwards' testimony. Failure to make objections does not automatically constitute ineffective assistance of counsel, as that failure may be justified as a tactical decision. State v. Gumm, 73 Ohio St.3d 413, 428, 1995-Ohio-24,653 N.E.2d 253. Here, trial counsel may have believed that an objection to Mr. Edwards's testimony or a request for a limiting instruction would have unduly focused the jury's attention on this information. Therefore, we cannot definitively conclude that trial counsel was ineffective in failing to object to this testimony.
 {¶ 30} In any event, even assuming arguendo that counsel was ineffective, we cannot conclude that, but for counsel's actions, there is a reasonable probability that the outcome of the proceeding would have been different. Mr. Edwards' testimony was credible and sufficient to convict Thacker even without the testimony as to the alleged prior assault. Therefore, Thacker cannot meet the second prong of the Strickland test.
 {¶ 31} Having found no merit in any of Thacker's arguments in support of this assigned error, we overrule his third assignment of error.
 IV. {¶ 32} In his fourth assignment of error, Thacker argues that his conviction is against the manifest weight of the evidence.
 {¶ 33} Our function when reviewing the weight of the evidence is to determine whether the greater amount of credible evidence supports the verdict. State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52,678 N.E.2d 541. In order to undertake this review, we must sit as a "thirteenth juror" and review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether the trier of fact clearly lost its way and created a manifest miscarriage of justice. Id., citing State v. Martin (1983),20 Ohio App.3d 172, 175, 485 N.E.2d 717. If we find that the fact finder clearly lost its way, we must reverse the conviction and order a new trial. Id. On the other hand, we will not reverse a conviction so long as the State presented substantial evidence for a reasonable trier of fact to conclude that all of the essential elements of the offense were established beyond a reasonable doubt. State v. Getsy,84 Ohio St.3d 180, 193-194, 1998-Ohio-533, 702 N.E.2d 866; State v. Eley
(1978), 56 Ohio St.2d 169, 383 N.E.2d 132, syllabus. In conducting our review, we are guided by the presumption that the jury "is best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use these observations in weighing the credibility of proffered testimony." Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80, 461 N.E.2d 1273.
 {¶ 34} After reviewing the evidence, we conclude that the jury did not lose its way when it convicted Thacker of assault. Mr. Edwards, who knew him, testified that Thacker attacked him in the Lowe's parking lot. Although Thacker argues that Mr. Edwards disliked him and was motivated to give untruthful testimony, the jury clearly believed Mr. Edwards was credible.
 {¶ 35} Thacker's fourth assignment of error is meritless.
 V. {¶ 36} In his fifth assignment of error, Thacker asserts that the State failed to produce sufficient evidence to sustain his conviction.
 {¶ 37} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. See, e.g., State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. The relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id., citing Jackson v. Virginia
(1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560.
 {¶ 38} In order to prove that Thacker committed assault, the State was required to prove that he caused or attempted to cause physical harm to another person. The evidence presented at trial established that Thacker actually caused harm to Mr. Edwards by punching and kicking him several times. Therefore, the State met its burden.
 {¶ 39} Thacker's fifth assignment of error is meritless.
 VI. {¶ 40} In his sixth assignment of error, Thacker argues that the cumulative error during the trial deprived him of a fair trial.
 {¶ 41} Separately harmless errors may violate a defendant's right to a fair trial when they are considered together. State v. Madrigal,87 Ohio St.3d 378, 397, 2000-Ohio-448, 721 N.E.2d 52. In order to find "cumulative error" present, we must find that multiple errors were committed at trial. Id. at 398. We must then find a reasonable probability that the outcome would have been different but for the combination of the separately harmful errors. State v. Thomas, Clark App. No. 2000-CA-43, 2001-Ohio-1353.
 {¶ 42} In our review of Thacker's other assignments of error, we found only one possible error. Given that multiple errors do not exist here, we overrule Thacker's sixth assignment of error.
 {¶ 43} Having found no merit in any of Thacker's assignments of error, we affirm his conviction.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Municipal Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. Kline, J.: Concur in Judgment and Opinion.
[1] Some courts have concluded that disorderly conduct is not a lesser included offense of assault. See State v. Ocasio, Montgomery App. No. 19859, 2003-Ohio-6240, and State v. Blasdell, 155 Ohio App.3d 423,2003-Ohio-6392, 801 N.E.2d 853.
[2] So in 62 OS(2d) xxxiv; federal rule reads "or."