[Cite as *State v. Conley*, 2013-Ohio-3347.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No. 26704 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| MICHAEL D. CONLEY | | BARBERTON MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE Nos. 10CRB1918A 10CRB1918B |

DECISION AND JOURNAL ENTRY

Dated: July 31, 2013

HENSAL, Judge.

{¶1} Michael D. Conley appeals his conviction for disorderly conduct in the Barberton Municipal Court. For the following reasons, this Court reverses.

I.

{¶2} Mr. Conley, a Summit County sheriff's deputy, was charged with two counts of simple assault arising out of an incident that he was involved in while on-duty. Following a trial to the bench, a municipal court judge found him not guilty of assault, but guilty of disorderly conduct, which he determined was a lesser-included offense of assault. The court also found that, since the offenses occurred in the presence of a law enforcement officer, they were misdemeanors of the fourth degree. On appeal, this Court reversed, concluding that disorderly conduct in the presence of a law enforcement officer is not a lesser-included offense of simple assault. We remanded the case for the municipal court to determine whether Mr. Conley was guilty of some other lesser-included offense of assault. On remand, the court found Mr. Conley

guilty of two counts of disorderly conduct without any enhancing factors, and ordered him to pay a fine. Mr. Conley has appealed, assigning four errors.

II.

ASSIGNMENT OF ERROR I

DEPUTY CONLEY'S CONVICTIONS MUST BE REVERSED BECAUSE THE TRIAL COURT ERRED BY FINDING DEPUTY CONLEY GUILTY OF MINOR MISDEMEANOR DISORDERLY CONDUCT SINCE MINOR MISDEMEANOR DISORDERLY CONDUCT IS NOT A LESSER INCLUDED OFFENSE OF ASSAULT, OHIO REV. CODE § 2903.13(A).

{¶3} Mr. Conley argues that a charge of disorderly conduct under Revised Code Section 2917.11(A) is not a lesser-included offense of simple assault under Section 2903.13(A). We agree.

{¶4} In order to prove assault under Section 2903.13(A), the State had to establish beyond a reasonable doubt that Mr. Conley "knowingly cause[d] or attempt[ed] to cause physical harm to another * * *." In order to prove disorderly conduct under Section 2917.11(A), it had to show that he "recklessly cause[d] inconvenience, annoyance, or alarm to another * * *." In *State v. Alston*, 9th Dist. Lorain No. 98CA007166, 2000 WL 727542, (June 7, 2000), this Court explained that, "[s]ince it is possible to knowingly cause or attempt to cause physical harm to another without causing inconvenience, annoyance or alarm to another," the three-prong test that the Supreme Court of Ohio has set out for determining whether an offense is a lesser-included offense of another offense "is not met." *Id*. at *5; *see State v. Blasdell*, 155 Ohio App.3d 423, 2003-Ohio-6392, ¶ 21 (7th Dist.), quoting *State v. Schaefer*, 2d Dist. Greene No. 99 CA 88, 2000 WL 492094, *3 (Apr. 28, 2000) ("[A] victim might be wholly unaware of an attempt to cause physical harm where, for example, the perpetrator throws an object at the victim, who is not looking at the perpetrator, but misses his target, and thus the victim suffers no inconvenience,

annoyance, or alarm,"). We, therefore, held that the trial court did not err when it refused to give the jury an instruction on disorderly conduct because it is not a lesser-included offense of assault. *Alston* at \*5; *see also State v. Gates*, 9th Dist. Summit No. 20257, 2001 WL 324393, \*3 (Apr. 4, 2001) (following *Alston*).

{¶5} The State argues that the Supreme Court of Ohio's decision in *City of Shaker Hts. v. Mosely*, 113 Ohio St.3d 329, 2007-Ohio-2072, controls the outcome of this case, but it is distinguishable. The question in *Mosely* was whether minor misdemeanor disorderly conduct is a lesser-included offense of domestic violence. *Id.* at syllabus. Although a charge of domestic violence under Revised Code Section 2919.25(A) requires many of the same elements as a charge of assault under Section 2903.13(A), *Mosely* involved Section 2919.25(C), which requires substantially different elements than assault. In *Mosely*, the Supreme Court specifically distinguished *Schaefer* and *Blasdell*, noting that those cases involved Section 2919.25(A), not Section 2919.25(C). *Id.* at ¶ 17. The Supreme Court noted that, under Section 2919.25(C), the victim must "believe" that the offender is going to cause him or her imminent physical harm. *Id.* Accordingly, because a victim under Section 2919.25(C) must be aware of the offender's conduct, the throw-from-behind-that-misses-its-target hypothetical provided in *Blasdell* and *Schaefer* does not apply.

{¶6} The State has not persuaded this Court to overrule *Alston*. Accordingly, in keeping with our precedent, we conclude that the trial court incorrectly determined that disorderly conduct is a lesser-included offense of assault. Mr. Conley's first assignment of error is sustained. Consequently, his remaining assignments of error are moot, and they are overruled on that basis. App. R. 12(A)(1)(c).

III.

**{¶7}** As we held in *Alston*, disorderly conduct is not a lesser-included offense of simple assault. The judgment of the Barberton Municipal Court is reversed.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Barberton Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JENNIFER HENSAL
FOR THE COURT

CARR, J.
CONCURS.

MOORE, P. J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

THOMAS M. HANCULAK, DANIEL A. POWELL, and MARK V. GUIDETTI, Attorneys at Law, for Appellant.

JENNIFER L. FITZSIMMONS, Chief Assistant Prosecutor, for Appellee.